UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Water & Sand International Capital, Ltd.)
                                    )
v.                                 )      C. A. No. 1:08-cv-88 RCL
                                      )
Capacitive Deionization Technology  )
Systems, Inc., d/b/a CDT Systems     )

## DEFENDANT'S MOTION TO DISMISS

Defendant Capacitive Deionization Technology Systems, Inc. ("Defendant" or "CDT Systems"), for the reasons stated in more detail in the accompanying supporting memorandum, moves the Court to dismiss the instant case brought by Water & Sand International Capitol, LTD ("Plaintiff" or "W&S, LTD.") in that:

(1)  Personal jurisdiction is lacking as to CDT Systems because (a) CDT Systems does not have the requisite minimum contacts with the District of Columbia; and (b) in any event W&S, LTD.'s purported basis for forum selection and accordingly jurisdiction in the District of Columbia, is contrived based upon fraud, undue influence and overweening bargaining power;

(2)  W&S, LTD. Improperly seeks to litigate in this Court a matter which relates to and arises out of the identical  facts sub judice in two pending actions in the federal court for the Northern District of Texas, Dallas Division (the "Texas Cases") styled:

(a) CDT v. Nosal, Civil Action 07-cv-1215-P  "Nosal Case") and

(b)  CDT v. Water & Sand International Capital, Inc., Civil Action 08-cv-38 ("W&S Case").

(3) Should this Court deny dismissal notwithstanding the above, then CDT Systems alternatively moves this Court pursuant to 28 USC 1404(a) and consistent with general principles of <u>forum non conveniens</u> to transfer this case to the Northern District of Texas so that it may be litigated there with the already pending Nosal and W&S cases.

(4) Alternatively, should the above relied be denied, then the Court should stay this case pending resolution of the Texas cases referenced above.

A proposed order is attached for the Court's consideration.

Respectfully submitted,

_____/s/_____
Stephen W. Grafman (32912)
Sharp & Associates
1215 19th Street, N.W.
Washington, D.C. 20036
202/467-1609
202/467-1625 (fax)

.                                   Counsel for Defendant CDT Systems

February 11, 2008

<u>Certificate of Service</u>

I certify that this 11th day of February 2008 I served the foregoing motion papers electronically and also by first class mail postage prepaid to counsel for plaintiff:

Glenn A. Mitchell
David U. Fierst
Stein, Mitchell & Mezines, LLP
1100 Connecticut Avenue
Suite 1100
Washington, D.C.  20036

_____/s/_____
Stephen W. Grafman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Water & Sand International Capital, Ltd.)
                                        )
v.                                      )        C. A. No. 1:08-cv-88 RCL
                                        )
Capacitive Deionization Technology      )
Systems, Inc., d/b/a CDT Systems        )


DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS

Factual Background

The Parties

Plaintiff Water & Sand International Capitol, Ltd[1] ("Plaintiff" or "W&L, LTD.")
is alleged to be a Delaware corporation with its principal place of business in the
Netherlands Antilles.  (Complaint, para 1). Chester Nosal, who has described himself as
an "international lawyer", in other proceedings, is the Plaintiff's sole shareholder and its
President. (Id.)  W&S, LTD brings this lawsuit styled "Action for Damages Under
Promissory Notes" in an effort to recover on various promissory notes.

_____

[1] The Complaint (para. 1) alleges that Plaintiff is also known as Water & Sand International Capital, Inc.
("W&S, INC."); this apparently is to obfuscate the fact that the notes at issue are made payable to W&S,
INC. — not W&S, LTD.  Whether there is even a W&S, INC. is highly suspect and subject to on going
analysis in related Texas litigation (see Affidavit of Greg Gutman (Attachment 1), para. 8). Plaintiff here in
an effort to paper over its very significant problem at hand, conveniently defines both W&S, LTD. and
W&S, INC. as "W&S."  It appears there may be as many as three entities formed as W&S, LTD. by Nosal:
to wit: a Delaware company as well as two offshore entities--one in Gibraltar and the other in the
Netherland Antilles.  No "W&S, INC. entity has been discovered to date. The distinction between W&S,
LTD and W&S, INC., purported by Plaintiff to be one and the same entity, is the subject of serious
challenge in the reference Texas litigation.

1

Defendant Capacitive Deionization Technology Systems, Inc. ("Defendant" or "CDT Systems") is a Nevada corporation with its principal place of business in Texas (Complaint, para. 3), and is stated to be the maker of the notes at issue. CDT Systems is a technology start up company that is working to perfect and market a water purification device of system. (Complaint, para 5).  The Complaint is devoid of information as to what business W&S, LTD purports to engage in.

<u>Plaintiff's Purported Basis for D.C. Jurisdiction</u>

The only alleged connection Plaintiff purports to have with the District of Columbia allegedly is  ownership "of real property in the District of Columbia" (Complaint, para. 1),  though Plaintiff fails to identify such property and provides nothing that suggests that its ownership of land in the District, is in anyway related to the promissory notes at issue.  Further in a rather unique effort to pierce its own corporate veil (a rather unusual step to say the least), Plaintiff alleges, as previously noted, that Nosal, a lawyer, has an office in Washington, D.C., and also is president and sole shareholder of W&S, LTD. (Complaint, para. 1).[2]

There is no allegation in the Complaint that CDT Systems does business in the District of Columbia vis-à-vis W&S. Moreover, as the affidavit of John Davies (Attachment 2 to this filing) makes clear, CDT Systems does not now engage and indeed has never engaged in business in the District of Columbia. (<u>See</u> Davies Affidavit at

---

[2]  In pending related legislation in Texas (see discussion <u>infra</u>), Nosal has sworn recently in two separate affidavits that he is a resident of Palm Beach County, Florida.

para.7; <u>see also</u> the Davies Affidavit paras. 3 through 11 confirming the absence of other contacts with the District of Columbia).

<u>The Notes</u>

Nosal served as outside counsel for CDT Systems until terminated in or about 2006. Until his termination and for sometime previous thereto, he served as CDT System's general counsel and also as an active member of the company's Advisory Board involved in all aspects of management.  While so engaged and during a period from 2004 through 2006 and at a time when CDT Systems was in need of additional monies to fund further operations, Nosal opted to make loans to CDT Systems by promissory notes through a purported entity W&S, INC.   However, described, the loans and accompanying notes were not the result of arms length transaction, without benefit of full disclosure and without advice to CDT Systems of its need for independent counsel.  All of this was in breach of Nosal's legal and ethical obligations to CDT System, and in clear breach of his fiduciary duty to CDT Systems-- conduct that is the subject in the ongoing litigation Texas litigation. (<u>See</u> Gutman Affidavit and attached exhibits thereto.)  It was in the course of such highly improper conduct that the promissory notes at issue were structured with self-serving forum selection language stating:

> …CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia under Nevada law.

This forum selection provision was inserted without discussion with CDT Systems' independent board members.  (<u>See</u> Davies Affidavit at para. 15.. Although the

notes do not specifically state, Nosal at some point after execution informed CDT

Systems that by his interpretation, interest would eventually escalate to as much as 43%

per annum.

<u>The Ongoing Texas Litigation</u>

Pending in the United States District Court for the Northern District of Texas are

two cases arising from the same set of facts as those plead in the instant case relating

directly to the same promissory notes which the Plaintiff here seeks to sue upon in this

jurisdiction.[3]  These Texas cases were both <u>filed BEFORE the instant one </u>-- the first of

these some six months or so prior to the instant filing here in the District of Columbia.[4]

(a) <u>CDT Systems v. Nosal</u>, 07-cv-1215-P (filed 7/9/07) ("<u>Nosal</u>")[5]

(b) <u>CDT Systems v. W&S, Inc.,</u> 08-cv-38 (filed 9/12/07) ("<u>W&S</u>")[6]

In the Texas <u>Nosal</u> case CDT Systems is suing Mr. Nosal for breach of his

fiduciary duty in connection with the issuance of the promissory notes at issue; while in

the Texas W&S litigation, CDT Systems is suing for common law usury and related

---

[3]  See promissory notes, Exhibit A to the attached Affidavit of John Davies.

[4]   W&S, LTD. did not file its Complaint herein until January 16, 2008.

[5]  The complaint in this Texas case is Exhibit A to the Gutman affidavit Nosal is now attempting to have the default entered against him in this case set aside.

[6]  This case was originally filed in the Texas state court on the September 12, 2007 date listed above. <u>See</u> Exhibit B to Gutman Affidavit.  This case was removed to the federal court by W&S on January 8, 2008. <u>See</u> Exhibit C to the Gutman Affidavit. The time for the Plaintiff here/Texas defendant object to venue in Texas has past.  <u>See</u> Gutman Affidavit Gutman, para. 5.

deceptions respecting the notes at issue.[7]  Both cases in due course no doubt will be

consolidated for further court proceedings.


ARGUMENT

(1) <u>The Instant Case Should be Dismiss in that In Personam Jurisdiction  Is
Lacking and the Forum Selection Clause Results From a Breach of Fiduciary
Duty, Fraud, Undue Influence and Overweening Bargaining Power.</u>

Pursuant to statutory law in the District of Columba, <u>D.C. Code</u> 13-423 there must

be "some affirmative act" by a defendant to bring that party within the Court's

jurisdiction. That is, such activity must establish the necessary "minimum contacts"

needed to meet the "transacting-any-business" subsection of the District of Columbia's

long arm statute. E.g. <u>Cohane v. Aropeja</u> <u>California, Inc</u>., 385 A.2d 153, 158 (D.C. 1978).

Moreover, it is the law in this jurisdiction and elsewhere that the "transacting any

business" provision is coextensive with the due process clause.  <u>Mouzaivires v. Baxter</u>,

434 A.2d 988, 991-92 (D.C. 1981) (en banc); see <u>also</u> <u>Hummel v. Koehler</u>, 458 A.2d

1187 (1983).


Recognition of these well established principles, however, is not the end of the

line, for the Supreme Court has made clear in its oft-quoted decision  <u>World-Wide</u>

<u>Volkswagen</u> <u>Corp. v. Woodson</u>, 444 U.A. 286, 292 (1980)  and in reliance on

<u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945), among others, that  in

each case it is critical that the "defendant's conduct and connection with the forum state

are such that he [or " it" here] should reasonably anticipate being haled into court there."

---

[7] As previously noted (<u>see</u> n.1 <u>supra</u>) the notes are payable to W&S, INC. Inc. while the Plaintiff in the case
at bar is W&S, LTD.

In the instant case, there is no connection with the District of Columbia on a transacting business basis when at issue is a promissory note by a maker in Texas payable to a corporation headquartered in the Netherlands Antilles.  The fact that the president and sole shareholder may have an office in this district (albeit a Florida resident) by no means meets the minimum contacts necessary to lead CDT Systems as, a Nevada corporation with its place of business in Dallas, Texas, to reasonably anticipate being haled into court by a Netherlands Antilles corporation. in a jurisdiction where this defendant is not doing business.

The only conceivable basis for jurisdiction in the District of Columbia (and at best this is a rather slender reed) is the forum selection clause inserted into the promissory notes by Nosal then CDT Systems counsel, to benefit Nosal and his off shore corporation. The logical explanation for this convoluted jurisdictional equation is for the benefit and convenience of Nosal, the purported sole shareholder and present of Plaintiff.

Parties to a contract and including promissory notes may agree in advance to submit to the jurisdiction of a specific court or jurisdiction in the event of dispute. See National Equipment Rental, Ltd v. Szukhent, 375 U.S. 311, 315-316 (1964).  However, such ability to contract is not limitless.  Indeed, the Supreme Court in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), has held that such clauses are valid were they are "unaffected by fraud, undue, influence, or overweening bargaining powers."  Id. at 13.  The Court further stated that generally the correct approach in situations of such forum selection challenge is to enforce such provisions, but the Court stated that such

clauses are not enforceable where a defendant "could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." (Id. at 15).

If ever there was a case that fits that meets the criteria for such non-enforceability. this is it.  It would be "unreasonable and unjust" to require the Defendant here to defend this case in the District of Columbia where the very clause at issue is rife with fraud, overreaching and fiduciary breach. This is particularly so where these and other interrelated issues are already at issue in the related Texas in what the Plaintiff has recognized and acknowledged to be "related jurisdiction."[8]  Further, over reaching is patently obvious in the Texas litigation sub judice that rises to the level of  fraud in the extreme.

    (2)  <u>Plaintiff Seeks to Litigate the Same Issues that are Before Federal Court in Texas</u>

Plaintiff, while acknowledging the two related Texas cases, fails to point out in its acknowledgement the identical nature of the close relationship—i.e. there are not just similarities but the identical issues. Indeed, CDT Systems, the defendant herein Texas plaintiff is litigating the unlawfulness of the same usurious notes as well as the same the interrelated fiduciary breach.  The District of Columbia filing becomes even more tenuous given the fact that each of the Texas lawsuits was <u>filed prior to the instant one.</u>

---

[8]  See further discussion of related case issues in ensuing discussion.

In <u>WMATA v. Ragonese</u>, 617 F.2d 828  (D.C. Cir 1980), our Court of Appeal

citing, among others its earlier decision in <u>Speed Products Co. V. Tinnerman</u>, 171 F.2d

727, 729 (D.C. Cir. 1948)  stated that "[f]or more than three decades [now almost five

decades] the rules in this circuit has been that '(w)here two cases between the same

parties on the same cause of action are commenced in two different Federal courts, the

one which is commenced first is to be allowed to proceed to its conclusion fire….'"  Our

appellate court then went one to state that "[c]onsiderations of comity and orderly

administration of justice dictate that two courts of equal should not hear the same case."

<u>Id</u>.; <u>see also</u> <u>Hilton Hotels Corp. v. Weaver</u>, 325 F.2d 1010 (D.C. Cir. 1963) (per curium),

<u>cert. denied</u>, 376 U.S. 951 (1964).

Dismissal accordingly is called for in the instant situation; and to the extent the

Plaintiff believes its promissory note claim to be valid, it can pursue its as a counterclaim

(no doubt a compulsory one) in the Texas litigation.

(3) <u>Were this Court to Deny Dismissal then Pursuant to 18 USC 1404(a) this Case
   Should be Transferred to the Northern District of Texas</u>

Even assuming <u>arguendo</u> the Court was to deny dismissal, the case should be

transferred to the Northern District of Texas.   The matters at issue, to use the apt

language of the Second Circuit, "weigh heavily in favor of trial in the alternative forum."

<u>R. Maganal & Co. v. M.G. Chemical Co</u>., 842 F.2d 164, 167 (2d Cir. 1991).

Moreover, as set forth in the attached Davies Affidavit at, para, 12, the witnesses

in this case are without the District of Columbia, and all save one are in Texas.  The

potential witness for Plaintiff is Nosal, a Florida resident; indeed though he purports to

have an office in the District of Columbia, it is certainly far from clear how much time he

even spends here. Where a plaintiff's forum choice—or a defendant's proposed

alternative—"substantially affects a party's ability to put forward witnesses and evidence the court will be inclined to weight that consideration heavily. Baicker-McKee, <u>Federal Civil Rules Handbook</u>, 2008 Thompson West, section 2.15 at page 87; <u>Piper Aircraft Co. v. Reynolds</u>, 454 U.S. 235 (1981).

The expense of bringing numerous witnesses to the District of Columbia, the fact that the dispute in issue arises in Texas with the witnesses there; and with the various other reasons previously advance, certainly weighs heavily toward dismissal or failing that then transfer to Texas.

    (4) <u>Were this Case not Dismissed or Alternatively Not Transferred to Texas, then it Should Be Stayed Pending Resolution of the Texas Litigation</u>

Judicial economy and common sense as well make clear that the Texas Cases and this one should not proceed in tandem with each other. The cases in Texas are in progress, and it would make no sense for the instant one to precede in tandem with the Texas actions—and particularly so where the Plaintiff only filed this action after the Texas cases were filed.

The appropriate relief is as requested above dismissal, or failing that transfer to Texas. However, should such relief be denied, than at a minimum the Court should stay the instant litigation to avoid the double tracking that would otherwise occur absent a stay. In the interim, the Plaintiff can, in any event, file a counterclaim in Texas to pursue whatever relief it believes it is entitled to pursue; .


WHEREFORE, for the reasons advanced herein, this Court should dismiss the instant Complaint; or failing that, transfer this case to the federal court for the Northern

District of Texas, Dallas Division; or failing that, then stay this case pending the outcome

of the related case litigation pending in the Texas.

_____/s/_____
Stephen W. Grafman (32912)
Sharp & Associates
1215 19th Street, N.W.
Washington, D.C.  20036
202/467-1609 voice
202/467-1625 fax

Counsel for Defendant

February 11, 2008

<u>Certificate of Service</u>

I certify that a copy of the foregoing supporting memorandum was served
electronically this 11th day of February by first class mail postage prepaid to counsel for
the plaintiff herein:

Glenn A. Mitchell
David U. Fierst
Stein, Mitchell & Mezines, LLP
1100 Connecticut Avenue, NW
Suite 1100
Washington, D.C.  20036

_____/s/_____
Stephen W. Grafman

# Attachment 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WATER & SAND INTERNATIONAL CAPITAL, LTD. | § § § | |
| v. | § § | CIVIL ACTION NO. 1:08-CV-00088-RCL |
| | § | |
| CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC., d/b/a CDT SYSTEMS, INC. | § § § | |

## AFFIDAVIT OF GREG GUTMAN

STATE OF TEXAS            )(

COUNTY OF DALLAS        )(

    BEFORE ME, the undersigned authority, on this day personally appeared the person known to me to be Greg Gutman, who after being by me duly sworn, stated on his oath as follows:

1.    "My name is Greg Gutman.  I am in all respect authorized and qualified to make this affidavit and all of the facts set out or herein, unless indicated otherwise, are of my own knowledge, true and correct.

2.    I am an attorney authorized by the Texas Supreme Court to practice law in the State of Texas and I am a member in good standing of the State Bar of Texas.  I have been so licensed and in such status continuously since November of 1976.  I am authorized and admitted to practice law before the United States District Court for the Northern District of Texas.  I maintain an office for the practice of law at 7130 Northaven Road, Dallas, Texas 75230, telephone number (972) 233-7890.

3.    I was retained by Capacitive Deionization Technology Systems, Inc., ("CDT") to sue Chester Nosal, its former outside counsel and member of the management team of CDT for breach of fiduciary duty and self-dealing involving a series of loans made by his

Affidavit of Greg Gutman                                                    Page 1

alleged company Water & Sand International Capital, Inc. to CDT. The loans aggregated 2.2 million dollars in principal and carried interest at rates of as high as 43% per annum. Attached hereto as Exhibit "A" is a true and correct copy of the lawsuit that was filed in the District Court for the Northern District of Texas, Dallas Division, in Case No.3:07CV1215-P. The case is currently pending.

4.     I was also retained by CDT to prosecute a claim against Chester Nosal's company, or alter ego, Water & Sand International Capital, Inc. for relief under the Texas Usury Statutes, arising out of the above referenced loans. The usury case was filed on the 12th day of September, 2007, in the 101st District Court of Dallas County, Texas, Case No. 07-10728-E. Attached hereto as Exhibit "B" is a true and correct copy of the state court suit. On or about the 10th day of January, 2008 Water & Sand International Capital, Inc. ("Water & Sand") filed its Notice of Removal removing the above referenced state court usury lawsuit to the District Court for the Northern District of Texas, Dallas Division, Case No.3:08-CV-00038-P. A true and correct copy of the Notice of Removal is attached hereto as Exhibit "C". On the 16th day of January, 2008, the Honorable David C. Godbey signed an Order in the removed case transferring the case to the Court of the Honorable Jorge A. Solis, where the Nosal case is pending. As of now the cases have not as yet been consolidated but it is expected that they will be.

5.     As of the date of this affidavit Water & Sand has not filed in the removed usury case a Rule 12(b)(3) F.R.C.P. objection to venue. It is my understanding that the deadline for objecting to venue, as enlarged under the provisions of Rule 81(c) F.R.C.P., expired on the 15th day of January, 2008. It is my further understanding that under the operation of Rule 12(h) F.R.C.P. any potential objection of Water & Sand to Dallas, Texas venue for the usury claims pending in the federal case in Dallas, Texas has been waived.

6.     On the 16th day of January, 2008 Water & Sand International Capital, Ltd. filed an original suit in the District Court for the District of Columbia for collection of the above referenced debts.

7.     Based upon my familiarity with the issues, claims and disputes between CDT and Water & Sand, it is self-evident that the Washington, D.C. collection suit just now initiated by Water & Sand International Capital, Ltd. for collection of the amounts allegedly due on the promissory notes and debts of CDT to Water & Sand, arises out of the same precise set of facts and transactions that are implicated in CDT's usury claims pending in the removed case, which to my understanding should constitute a compulsory counterclaim to the earlier filed Texas usury suit.

8.     One other matter needs clarification.  The promissory notes at issue were drawn up by Chester Nosal and identify Water & Sand International Capital, *Inc.* as the payee. In the context of the notice of removal of the usury case, Jay Madrid, counsel for Chester Nosal and Water & Sand International Capital, Inc. in the Dallas cases, has stated under oath that Water & Sand International Capital, *Inc.* is allegedly an assumed name for a Delaware corporation known as Water & Sand International Capital, *Ltd.*  Our research indicates that Mr. Nosal has been involved with at least three separate companies, set up in different jurisdictions, all of which have used the precise same name "Water & Sand International Capital, Ltd." as their formal legal name.   Two of these entities are so-called "offshore" corporations.  CDT has moved in the removed usury case to obtain discovery concerning the relationship, if any, between Water & Sand International Capital, *Inc.* and Water & Sand International Capital, *Ltd.* and we are awaiting a court ruling at this time.  It is CDT's belief that the "Inc." designation is in fact nothing other than a ficticious name used by Chester Nosal. This confusion concerning the "Inc." vs. "Ltd." designations accounts for the technical difference in the identification of the

Affidavit of Greg Gutman                                          Page 3

Defendant in the removed usury suit and the Plaintiff in the proceeding before the Washington, D.C. District Court.

9.     In its filing in the Washington D.C. proceeding Plaintiff disclosed the two Dallas Federal District Court cases as 'related cases'."



Greg Gutman

SUBSCRIBED AND SWORN TO before me this ___29ᵗʰ___ day of January, 2008.

STEPHANIE P. RUTHARDT
Notary Public, State of Texas
My Commission Expires
June 25, 2011

Stephanie P. Ruthardt
Notary Public in and for the State of Texas

My Commission expires:___6-25-2011___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL - 9 2007

CLERK, U.S. DISTRICT COURT

By_____
Deputy

| | | |
|---|---|---|
| CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC., d/b/a CDT SYSTEMS, INC. | § § § § | |
| v. | § § § | CIVIL ACTION NO.: |
| CHESTER NOSAL, a/k/a CHET NOSAL | § § | 3 - 0 7 C V 1 2 1 5 - p |

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Capacitive Deionization Technology Systems, Inc., d/b/a CDT Systems, Inc. (hereinafter "CDT") alleges:

### JURISDICTION

1.  CDT is a corporation chartered under the laws of the State of Nevada, licensed to do business in Texas, with its main place of business located in Addison, Texas.

2.  Defendant Chester Nosal, a/k/a Chet Nosal (hereinafter "Nosal") is a resident of the State of Florida with his place of residence located at 679 Hermitage Circle, Palm Beach Gardens, Florida 33410.

3.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

### SUMMARY/BACKGROUND FACTS

4.  Nosal has done and continues to do business in the State of Texas within the meaning and coverage of § 17.042 of the Texas Civil Practice & Remedies Code and has availed himself of the protection of the laws of the State of Texas to the extent that he is amenable to process

ORIGINAL COMPLAINT AND JURY DEMAND                                                                  Page:1 of 6



EXHIBIT

*A*

issued out of the State of Texas.

5.    CDT is a technology start up company that for the past seven years has been working to

perfect and to bring to market certain high technology water filtration and other applications.

At all times relevant to the subject matter of this complaint Nosal has had a direct

involvement in the management of CDT including acting as its principal outside counsel and

occupying a position on the advisory board which provided advise and counsel to the board

of directors of the company with respect to strategic planning, management and the raising

of capital. His involvement was extensive enough to be identified as a company "insider"

with respect to securities and exchange commission filings by this public corporation.

6.    In the fall of 2004 CDT was experiencing financial difficulties. While acting in the capacity

of a fiduciary for the company, Nosal offered to provide the company with operating funds

by periodic loans evidenced by promissory notes. These lending activities began the

November of 2004 resulting in a number of advances some or all of which were eventually

rolled into new renewal loans with the prior interest being rolled into the new loans. Nosal

is believed to have personally advanced the money but had the promissory notes made

payable to an entity identified by him as Water & Sand International Capital, Inc.,

(hereinafter "W&S"). The country or state of incorporation of W&S was not disclosed, but

the address given for the W&S entity was Cupecoy Beach Club, Suite 201, Lowlands, St.

Maarten, Netherlands Antilles. The W&S entity is believed to have been nothing more than

an assumed name or a post office drop box designation for Nosal.

7.    The promissory notes in question carry an annualized rate of interest of approximately 20%

per year to maturity, and an annualized rate of interest of approximately 43% for past

ORIGINAL COMPLAINT AND JURY DEMAND                                        Page:2 of 6

maturity interest.

8.  To date Nosal has advanced the company approximately $2.2 million, with the present outstanding principal and interest balance totaling close to $4 million. The promissory notes prepared by Nosal specified the application of Nevada law which does not have even a minimal relationship to the transaction or the parties, other than the extemely tenuous connection that initially CDT was incorporated in the State of Nevada. Mandatory venue for the collection of the lawsuit is set by the terms of the promissory notes in Washington D.C., even though, again, that locus has no logical connection with any of the parties or underlying transactions. It is believed, and therefore alleged, that these aspects of the notes were structured by Nosal in order to hamper the ability of CDT to mount an effective defense in any litigation involving CDT and Nosal in any way connected to the subject of the promissory notes or his conduct related thereto. Finally, at Nosal's election, the promissory notes were convertible into CDT stock at a rate of exchange apparently set favorably for Nosal.

9.  The promissory notes were executed on behalf of CDT by Dallas Talley, a close friend and associate of Nosal. At the time he executed the promissory notes, Mr. Talley held the position of Chief Executive Officer of CDT and was a member of its board of directors. The size, the financial aspects and other aspects of the loans were such that the matter of approving or ratifying such lending should have been submitted to the board of directors. Yet, CEO Talley had failed to properly disclose to the board the financial and non-financial terms of the loans, so as to allow the board the opportunity to reflect upon and consider the wisdom of accepting financing from Nosal on terms that even Dallas Talley subsequently

ORIGINAL COMPLAINT AND JURY DEMAND                              Page:3 of 6

described as "onerous". It is believed and alleged that had the board been presented with proper disclosures by Nosal, Talley and/or either one of them, the board in all likelihood would not have approved the loans upon the terms indicated and would have proceeded to attempt to raise money by a secondary stock offering or by seeking other credit venues on less extortionate terms.

10.    The company has reached a point where it is nearly ready to begin to commercialize its technology applications, but the ever upwardly spiraling Nosal debt has made it virtually impossible to obtain additional financing on reasonable terms or to raise additional capital. Nosal has now demanded the entire outstanding balance, including all principal and every dollar in interest be paid by the end of the third quarter of 2007. The company is not effectively in a position to meet that demand, and management is concerned that Nosal may attempt to leverage his economic advantage to seize financial control of the company, possibly to its detriment and the detriment of the remaining shareholders, many of whom are very unhappy with the financial terms of the Nosal debt.

## PLAINTIFF'S CLAIMS

11.    Plaintiff CDT alleges and intends to prove that Defendant Nosal, while occupying the position of a fiduciary with respect to CDT, breached his fiduciary obligations by engaging in self dealing in the following respects:

a.    By engaging in self-interested financial transactions with CDT in the making of loans at extortionate, outrageous, and commercially unreasonable rates of interest;

b.    By failing to fully and completely disclose to CDT the nature of his conflict of interest in the underlying transactions, the adverse impact of the compounding of the

ORIGINAL COMPLAINT AND JURY DEMAND                                 Page:4 of 6

high rates of interest charged to the CDT board of directors and the ultimate destructive impact of such debt upon the company;

    c.    By failing to disclose or recommend to the company to seek loans or the raising of capital on less onerous terms;

    d.    By concealing from the board of directors the financial and other terms of the loans in question; and

    e.    By failing to disclose that W&S was his own financial vehicle used by him in the conduct of business for himself and to his sole advantage.

12.    Such self-dealings are presumptively unfair, void or voidable at the company's election. Under Texas law, the burden of proving these transactions to be of the utmost fairness to CDT falls upon Nosal . This is a burden that he can not meet.

13.    Such breaches of fiduciary duty have severely impacted the company's ability to conduct its business and survive until such time as the company is able to commercialize its technological applications and become profitable, even to the point of threatening the very existence of the company as a viable financial vehicle for its shareholders. Such damages are unliquidated.

### REQUEST FOR RELIEF

14.    The company requests the recovery from Nosal of all damages that have resulted from his conduct, including but not limited to:

    a.    All financial damage and injury to the company from its inability to obtain alternate sources of funds, whether through the capital markets or by future loans;

    b.    The loss of future profits should the company be unable to proceed to commercialize

the technology on which it has been working for years;

c.  The difference between what should have been reasonable interest charges to the company from an alternative source and the interest charged or made possible by Nosal;

d.  Forfeiture of any and all compensation paid by CDT to Nosal at any time, as allowed by Texas law.

WHEREFORE, Plaintiff demands trial by jury and judgment against the Defendant for all of the above referenced unliquidated claims, together with forfeiture of all of Nosal's compensation ever paid by the company, together with attorney's fees, interest and court costs.

Respectfully submitted,

**GREG GUTMAN**
Bar Card No. 08644450
7130 Northaven Road
Dallas, TX 75230
(972) 233-7890 Telephone
(972) 233-0220 Facsimile

**ATTORNEY FOR PLAINTIFF**

ORIGINAL COMPLAINT AND JURY DEMAND                                    Page:6 of 6



CAUSE NO. 07 - 10788

FILED
2007 SEP 12   AM 10: 50

EARL G. SIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

_____DEPUTY

CAPACITIVE DEIONIZATION
TECHNOLOGY SYSTEMS, INC.
d/b/a CDT SYSTEMS, INC.
    Plaintiff,

vs.

WATER & SAND INTERNATIONAL
CAPITAL, INC.
    Defendant

§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

_____ JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Capacitive Deionization Technology Systems, Inc., d/b/a CDT Systems, Inc. (hereinafter "CDT"), Plaintiff, complaining of Water and Sand International Capital, Inc. (hereinafter "W & S"), Defendant, and in for its cause of action would show to the honorable Court as follows:

### Parties, Service of Process, Venue and Discovery

1.    Plaintiff is a corporation with its main place of business located in Dallas County, Texas. Defendant W & S is a foreign entity which has conducted business in the State of Texas. This cause of action arises out of Defendant's conduct of business in the State of Texas, as defined under Section 17.042 of the Texas Civil Practice & Remedies code. Defendant has not designated a resident agent in the State of Texas for the receipt of service of process, and is therefore deemed to have designated and appointed the Texas Secretary of State as his agent for the purpose of receipt of service of process, under the provisions of Section 17.044 of the Texas Civil Practice & Remedies code. Duplicate citations should be served upon the Texas Secretary of State, who is then required to forward a Citation to the Defendant at the business address of the Defendant, at Cupecoy Beach Club, Suite 201, Lowlands, St. Maarten, Netherlands Antilles. The Secretary of State is then required to forward proof of service by mailing as is usual and customary. This is a lawsuit under the Finance Code involving usurious interest in violation of law under Chapter 305 of the Texas Finance

Plaintiff's Original Petition



EXHIBIT
B

Page 1

Code. The transactions referenced herein were entered into in Dallas County, Texas. The usurious interest was charged or received in Dallas County and CDT was located in Dallas County as of the time of the accrual of this lawsuit. Accordingly venue is proper in Dallas County, Texas under Section 305.006(a) of the Texas Finance Code. Discovery should be conducted under Level 2.

## Background Facts

2.     Plaintiff is a start up high tech corporation. On various occasions W & S has extended credit to CDT which involved a contract for, charging and/or collection of interest, subject to the usury ceilings in Chapter 303 of the Texas Finance Code.

3.     Plaintiff intends to demonstrate that in connection with such extensions of credit, Defendant has contracted for, charged and/or collected interest in excess of the maximum rate of interest authorized by Texas law under Section 303.009 of the Texas Finance Code.

## Claim For Usury

4.     Plaintiff intends to demonstrate that in connection with the above referenced extensions of credit W & S contracted for, charged or collected from CDT unlawful interest greater than twice the amount of lawful interest allowed by Texas law during the time frame in which the credit was extended. Therefore, Plaintiff seeks recovery in the form of forfeiture of any and all outstanding principal, as well as any principal that has been paid on any prior extension of credit that has resulted in a violation, three times the usurious interest charged, a rebate or recapture of any interest charged and received, as authorized by Sections 305.001 and 305.002 of the Texas Finance Code.

## Claim for Common Law Usury and Related Deception

5.     W & S is believed to be a corporate entity owned in whole or in part by Chester Nosal, (hereinafter "Nosal"), who at all relative times has been a corporate insider and a fiduciary of CDT by virtue of his position as the CDT's chief outside counsel and his participation in the management of CDT. The credit extensions referenced above were engineered and structured by Nosal while he failed to disclose to CDT a conflict of interest and the implications of such a conflict of interest. Specifically, in connection with the structuring of the loans and the preparation of the related loan documentation, Nosal neglected to advise CDT to seek financing on better terms, failed to disclose a conflict of interest and the ramifications of such a conflict, and failed to disclose that he was

inserting provisions into the loan documentation intended to allow W & S to attempt to evade by subterfuge and otherwise the usury laws of the State of Texas that would have naturally applied in the transaction and by providing for a litigation forum that would be advantageous to W & S and Nosal and disadvantageous to CDT.

6.    Therefore CDT alleges that the terms of the loans, besides being statutorily unlawful, also constitute common law usury and concerted action on the part of W & S and Nosal to leverage his position as a trusted member of the CDT management team to engage in self-dealing at the expense of CDT and its shareholders. Such conduct merits the imposition of punitive damages in an amount reasonably related to the degree of loss and the culpability of conduct exhibited.

7.    Plaintiff's damages are unliquidated but within the jurisdictional limits of this Court.

## Attorney's Fees

8.    Plaintiff seeks the recovery of reasonable attorney's fees are collectible under Section 305.005

## Request for a Declaratory Judgment

9.    Section 302.001(b) of the Texas Finance Code provides that "all contracts for usurious interest are contrary to public policy and subject to the appropriate penalty prescribed by Chapter 305." The loan documentation provides that the law of the State of Nevada which does not have any interest ceilings applies to the loan documentation between W & S and CDT. The provision in question was drafted by Nosal as an exercise in self-dealing, without disclosure of the ramifications of that provision to his client CDT and in violation of CDT's rights. The State of Nevada does not bear any reasonable relation to the transactions involving a loan from an entity located in the Caribbean to a business whose sole location and whose entire operations are located in Dallas County, Texas. That choice of law provision constituted a sham or a subterfuge which was contrived and engineered by Nosal in order to deprive CDT of its rights to legitimately protect its interests. Accordingly, the choice of law provision in the loan documentation is invalid and violates Texas public policy. See *Cook v. Frazier* 765 SW2d 546 (Texas Appeal Ft. Worth 1989) no writ history.

10.    Therefore Plaintiff requests that the Court declare that the choice of law provision in the contract documentation was obtained by a breach of fiduciary duty in which W & S was complicit, directly or indirectly, and should be set aside and declared invalid and unenforceable.

11.    Plaintiff requests the recovery of attorney's fees under the provisions of the Texas Declaratory Judgment Act.

<u>Conditions Precedent</u>

12.    All conditions precedent to Plaintiff's right to recovery or for any other relief requested in the body of this complaint have been met, satisfied and/or waived.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer herein and that upon trial Plaintiff have and recover of the Defendant all of its damages, that the Court grant Plaintiff's such other relief as requested or referenced in the body of this complaint, including attorney's fees, declaratory relief, interest and costs, as well as punitive damages and that Plaintiff have such other and further relief as is just.

Respectfully submitted,

**GREG GUTMAN**
Bar Card No. 08644450
7130 Northaven Road
Dallas, TX 75230
(972) 233-7890 Telephone
(972) 233-0220 Facsimile

**ATTORNEY FOR PLAINTIFF**

Plaintiff's Original Petition

Page 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAPACITIVE DEIONIZATION | § | |
| TECHNOLOGY SYSTEMS, INC. | § | |
| d/b/a CDT SYSTEMS, INC. | § | |
| | § | Civil Action No. ___3:08-CV-38 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WATER & SAND INTERNATIONAL | § | |
| CAPITAL, INC. | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Water & Sand International Capital, Inc. hereby remove this action from the 101st Judicial District Court, Dallas County, Texas to this Court. In support of this removal, Defendant relies upon the Appendix filed in Support of Defendant's Notice of Removal (the "App.") filed contemporaneously herewith and show the following:

### INTRODUCTION

1.     On September 12, 2007, Plaintiff Capacitive Deionization Technology Systems, Inc. d/b/a CDT Systems, Inc. ("CDT") filed its Original Petition (the "Petition") in the 101st Judicial District Court, Dallas County, Texas captioned Capacitive Deionization Technology Systems, Inc. d/b/a CDT Systems, Inc., Plaintiff v. Water & Sand International Capital, Inc. ("W&S"), Defendant, Cause No. 07-10728-E (the "State Court Action"). (Ex. B).

2.     The Petition was served through the Secretary of State pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code, §§ 17.044 and 17.045.

NOTICE OF REMOVAL – Page 1



**EXHIBIT**

C

3.      The Secretary of State received the citation and Petition for W&S on September 19, 2007 and forwarded such Citation by certified mail, return receipt requested letter dated September 21, 2007. No proof of service on W&S is among the matters of record in the State Court, and the Certificate from the Secretary of State in the Court's files simply state that there was "no response" to the Secretary of State's mailing. (Ex. E).[1]

4.      Thereafter, on or about the 28th day of November 2007, Plaintiff filed its Motion for Entry of Default Judgment with no attempt at serving such Motion on W&S. (Ex. E).

5.      On November 30, 2007, the State Court Associate Judge heard CDT's Motion for Default Judgment and refused to grant same due to insufficient jurisdictional facts pled in the Petition. (Ex. C).

6.      As of the date of the attempted default prove-up, a related case filed by CDT in U.S. District Court for the Northern District of Texas, Dallas Division (the "Related Federal Court Action") was underway. This Related Federal Court Action, although nominally involving a different Defendant (Chester A. Nosal, owner of W&S), involves the same underlying transaction giving rise to the State Court Action.

7.      After the State Court Associate Judge refused entry of a default judgment, Plaintiff's counsel filed a First Amended Petition (the "Amended Petition) on November 30, 2007. (Ex. D). The Amended Petition was not served anew on either the Secretary of State or on counsel for Nosal in the Federal Court Action notwithstanding the factual nexus between the two cases.

---

[1]   Service on the Secretary of State is insufficient to commence the time period for removal under 28 U.S.C. § 1446; instead, the time for removal commences when a Defendant receives a copy of the Petition. *Fidelity Funding Inc. v. Pollution Research & Control Corporation*, No. Civ. A. 3-98-CV-1691-P, 1999 WL 20955 at Note 2 (N.D. Tex., Jan. 7, 1999).

**NOTICE OF REMOVAL – Page 2**

8.    Counsel for CDT set a new hearing for default on its Motion for Default Judgment for December 21, 2007. (Ex. C).

9.    On December 19, 2007, counsel for Nosal first discovered the existence of the State Court case as the existence of that companion case to the existing Federal lawsuit was unknown to either Nosal or W&S.  Affidavit of Jay J. Madrid ("Madrid Aff."). (Ex. A).

10.    Counsel for W&S immediately filed, on December 20, 2007, a Special Appearance challenging the jurisdiction of the State Court and Answer and Plea in Abatement Subject to such Special Appearance. (Ex. F).

11.    On the date of removal and at all relevant times, Plaintiff is a Nevada corporation with its principal place of business in Dallas, Texas, and thus only a citizen of the State of Texas. (Ex. A).

12.    On the date of removal and at all relevant times, W&S is a citizen of the State of Delaware with a principal office in the Netherlands Antilles.  (Madrid Aff. ¶14).

13.    On the date of removal and at all relevant times, Nosal, owner of W&S, was a resident and citizen of the State of Florida. (Madrid Aff. ¶14).

## THE AMOUNT IN CONTROVERSY

14.    The State Court Action purports to attack the validity of promissory notes evidencing loans approximating $3 million.  Thus, the amount in controversy is well in excess of the minimum federal jurisdictional requirement.

## PROCEDURAL REQUIREMENTS

15.    This Notice of Removal is being filed within thirty (30) days after Defendant W&S's receipt, through service or otherwise, of a copy of the Amended Petition on December 19, 2007.  This Notice, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL -- Page 3

16.    In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 101st Judicial District Court, Dallas County, Texas.

17.    The sole Defendant named in the State Court Action files this removal so the requirements of 28 U.S.C. § 1441(a) have been satisfied.

18.    Defendant reserves the right to amend or supplement this Notice of Removal.

19.    **Defendant reasserts and hereby incorporates its challenge to the jurisdiction and to the adequacy of pleadings and reasserts its Motion to Set Aside Clerk's Entry of Default, all of which were previously filed in the Related Case and are incorporated herein by reference.**

20.    Pursuant to Local Rule 81.1(a)(3) the following are included in the Appendix or were filed contemporaneously with this Notice of Removal.

a.    An index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action. (Pg. 012).

b.    A certified copy of a docket sheet in the State Court action. (Pg. 016).

c.    Copies of each document filed in the State Court Action (except discovery material). (Pgs. 012 through 050).

d.    A separately filed list of all attorneys currently of record in this action, including each attorney's bar number, address and telephone number.

e.    A separately filed Certificate of Interested Persons.

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully requests that this action proceed before the Honorable Jorge A. Solis (in whose Court the Related Case resides) subject to pending Motions currently on file in the

NOTICE OF REMOVAL – Page 4

Related Case and subject to the Special Appearance challenging State Court jurisdiction previously filed in the State Court Action.

Respectfully submitted,

Winstead PC
1201 Elm Street
Suite 5400
Dallas, Texas 75270
214/745-5400
214/745-5390 (Facsimile)

By: _____

Jay J. Madrid, Esq.          SB#12802000
Kristen L. Sherwin, Esq.     SB#24043918

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document is being provided to all counsel of record via certified mail, return receipt requested on this the 8th day of January 2008:

Greg Gutman, Esq.
7130 Northaven Road
Dallas, Texas 75230

_____
Jay J. Madrid

**NOTICE OF REMOVAL – Page 5**
Dallas_1\5152526\1
48067-1 1/8/2008

# Attachment 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WATER & SAND INTERNATIONAL CAPITAL, LTD.** | §<br>§<br>§ | |
| **v.** | §<br>§<br>§ | **CIVIL ACTION NO.**<br>**1:08-CV-00088-RCL** |
| **CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC., d/b/a CDT SYSTEMS, INC.** | §<br>§<br>§<br>§ | |

## AFFIDAVIT OF JOHN DAVIES

STATE OF TEXAS          )(

COUNTY OF DALLAS      )(

BEFORE ME, the undersigned authority, on this day personally appeared the person known to me to be John Davies, who after being by me duly sworn, stated on his oath as follows:

1.      "My name is John Davies. I am in all respects authorized and qualified to make this affidavit and all of the facts and information contained herein are, of my own knowledge, true and correct.

2.      My wife and I became involved with Capacitive Deionization Technology Systems, Inc. (hereinafter "CDT"), starting in 2003 when my wife first made an investment. I followed up with my own investments in 2004. Since that time I have been involved in CDT fundraising, identification of potential markets and other management functions. I became a member of the Board of Directors of CDT and its Chief Executive Officer on October 16, 2006.  I still hold both positions. I have under my custody and control all of the books and records of the company.

**Affidavit of John Davies**                                                                                          **Page 1**

3.    CDT is a technology start up company that has been working to perfect and market a water purification device or system.

4.    CDT is a Nevada chartered corporation that has, since prior to 2004, maintained its only office and business premises in the State of Texas.

5.    CDT is not and has never been a citizen or resident of Washington, D.C.

6.    CDT is not required to maintain and does not maintain a resident agent for service of process in Washington D.C.

7.    CDT does not now engage and has never engaged in business in Washington D.C. CDT does not maintain a representative or any type of agency located in Washington D.C., for business purposes or otherwise.

8.    CDT has not committed any tort, in whole or in part, in Washington D.C.

9.    CDT does not own, nor has it ever owned any personal or real property located in Washington D.C.

10.    CDT does not maintain and has never maintained any bank accounts in any banking institution in Washington, D.C.

11.    CDT does not maintain a D.C. telephone number or any other telecommunication presence originating out of Washington, D.C.

12.    In connection with CDT's usury claims against an entity identifying itself as Water & Sand International Capital, Inc., the subject of litigation styled; Capacitive Deionization Technology Systems, Inc. d/b/a CDT Systems, Inc., presently pending in the District Court for the Northern District of Texas, Dallas Division, Civil Action Case No.3:08-CV-0038-P, the following individuals are believed to be potential material witnesses: Phil Marshall, Dallas Talley, Joseph Jones, Mike Quinn, Tom Friezen, Ann Heywood and John Davies. All of these individuals, other than Ann Heywood, who is located in California, and Tom Friezen who is located in New Mexico, are presently located in the Dallas, Texas area. It would be  expensive and burdensome for CDT and

these witnesses to be compelled to travel to Washington, D.C. for pre-trial discovery, trial preparation and attendance at trial in the context of any litigation concerning the CDT debt to Water & Sand International Capital, Inc. and the usury claims of CDT which arise out of such debt.

13.    Cumulatively attached hereto as Exhibit "A" are true and correct copies of seven (7) promissory notes executed by CDT, payable to the order of Water & Sand International Capital, Inc., (hereinafter "Water & Sand") a purported corporation. To my knowledge this purported corporation never disclosed to CDT the state or country of its incorporation or other details about its alleged corporate existence. The attached promissory notes represent a series of loans made by Water & Sand International Capital, Inc. to CDT. The Water & Sand loans aggregate 2.2 million dollars in principal. The usury case in the Northern District of Texas, Dallas Division arises out of these promissory notes and the debts they represent.

14.    The loans were extended for the primary or exclusive purpose of operating the company and conducting its research and development program. All of these activities took place or were directed out of the offices of CDT within the geographic area of Dallas County, Texas.

15.    Chester Nosal, a Washington, D.C. attorney, represented Water & Sand, and based on his own affidavits he is the sole owner of the lender entity.

16.    I have reviewed the promissory notes and note that they contain a provision for collection suits in Washington, D.C. Upon taking my position as CEO of CDT I conducted an extensive investigation into the circumstances that resulted in the Water & Sand loans and these promissory notes. The promissory notes were prepared by Chester Nosal, who at the time was one of the largest, if not the largest shareholder at CDT, as well as its primary counsel and a member of the Advisory Board to the Board of Directors. As best as I can determine from the investigation that the company has

**Affidavit of John Davies**                                                                                           **Page 3**

conducted, Mr. Nosal inserted the venue provision into the promissory notes without any discussion or disclosures to the CDT Board of Directors that that provision was inserted for his benefit exclusively, in that during the time of the lending transactions Mr. Nosal was practicing law in the District of Columbia. The provision also worked to the detriment of CDT in that it would have been placed at a substantantial disadvantage in having to defend or litigate any matters arising out of the lending transactions in what to CDT would have been a distant and inconvenient forum. We also determined that in the context of the lending transactions Nosal violated his duties to CDT in among other things charging excessive, illegal and down right extortionate interest of as much as 43% per annum, failing to disclose a conflict of interest and the ramifications of such conflict for CDT, failing to disclose that he had inserted a choice of law provision in the promissory notes providing for the application of Nevada law to evade the Texas usury statutes that we are told applied to the transaction and by not otherwise suggesting or insisting that CDT should have independent counsel review these lending transactions. Once these circumstances were discovered, CDT initiated suit against Nosal in the District Court for the Northern District of Texas, Dallas Division, Case No. 3-07CV1215-P, for breach of fiduciary duty involving the above referenced lending transactions. In September of 2007 CDT instructed its counsel to file a lawsuit against Water & Sand International Capital, Inc., for usury arising out of the above referenced lending transactions."

AFFIANT _J. A Davies._

John Davies

SUBSCRIBED AND SWORN TO before me this _29th_ day of January, 2008.

> STEPHANIE P. RUTHARDT
> Notary Public, State of Texas
> My Commission Expires
> June 25, 2011

_Stephanie P. Ruthardt_

Notary Public in and for the State of Texas

My Commission expires: _6 - 25 - 2011_

**Affidavit of John Davies**                                   **Page 4**

## DEMAND NOTE

$1,000,000                                          **November 10, 2004**

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of ONE MILLION USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or before November 30, 2005. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

| | |
|---|---|
| November 15, 2004 | $400,000 |
| November 22, 2004 | 400,000 |
| November 29, 2004 | 200,000 |

At any time W&S or the holder of this note may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before November 30, 2005. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia.

MAKER:
Capacitive Deionization Technology Systems, Inc.

_____
Dallas Talley, Chairman

ATTESTED TO:

_____
Phil Marshall, Chief Financial Officer



## DEMAND NOTE

$400,000                                              February 28, 2005

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Four Hundred Thousand USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or before February 28, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

February 28, 2005                         $400,000

At any time W&S or the holder of this note may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before February 28, 2006. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia.

MAKER:
Capacitive Deionization Technology Systems, Inc.

_____
Dallas Talley, Chairman

ATTESTED TO:

_____
Phil Marshall, Chief Financial Officer

## DEMAND NOTE

**$200,000**                                               **August 8, 2005**


**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Two Hundred Thousand USD, plus interest at the rate of one and one-half percent (11/2%) per month on or before November 30, 2005. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

      August 8, 2005                    $200,000


At any time W&S or the holder of this note may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before November 30, 2005. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia.

                    **MAKER:**
                    Capacitive Deionization Technology Systems, Inc.

                    Phil Marshall, CFO

**ATTESTED TO:**

Joe Jones, Vice President

## DEMAND NOTE

**$200,000**                                          **October 19, 2005**

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Two Hundred Thousand USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or before April 30, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

October 19, 2005                            $200,000

At any time W&S or the holder of this note may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before April 30, 2006. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia.

MAKER:
Capacitive Deionization Technology Systems, Inc.

Phil Marshall, CFO

ATTESTED TO:

Joe Jones, Vice President

## DEMAND NOTE

$200,000                                                    November 17, 2005

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY
SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand
Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201,
Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Two Hundred
Thousand USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or
before April 30, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV,
Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its
attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

        November 17, 2005                        $200,000

At any time W&S or the holder of this note may convert any and all of this note payable and
accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share.
Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not
paid in full on or before April 30, 2006. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for
purposes of any collection action, which may be necessary to insure payment of this note; and it
further consents to having any collection action to be heard solely before the courts of the
District of Columbia.

                        MAKER:
                        Capacitive Deionization Technology Systems, Inc.


                        Phil Marshall, CFO


ATTESTED TO:


Joe Jones, Vice President

## CONSOLIDATED DEMAND NOTE

$3,000,000                                        November 1, 2006

FOR VALUE IN HAND RECEIVED, CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Three Million USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or before April 30, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

At any time W&S or the holder of this note upon 65 days prior written notice to CDT may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before April 30, 2006. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia under Nevada law. This note is a consolidation of all prior notes owed to W&S at November 1, 2006.

MAKER:
Capacitive Deionization Technology Systems, Inc.

Dallas Talley, Chairman

ATTESTED TO:

Phil Marshall, Chief Financial Officer

# CONSOLIDATED DEMAND NOTE

**$200,000**
November 2, 2006

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Three Hundred Thousand USD, plus interest at the rate of one and one-half percent (11/2%) per month on or before June 30, 2007. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

Funds under this note will be released $50,000 on October 24, 2006 and monthly thereafter continuing until January 24, 2007.

At any time W&S or the holder of this note upon 65 days prior written notice to CDT may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before June 30, 2007. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia under Nevada law.

MAKER:
Capacitive Deionization Technology Systems, Inc.

Dallas Talley, Chairman

ATTESTED TO:

Phil Marshall, Chief Financial Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Water & Sand International Capital, Ltd.)
                                       )
v.                                    )       C. A. No. 1:08-cv-88 RCL
                                       )
Capacitive Deionization Technology  )
Systems, Inc., d/b/a CDT Systems     )

O R D E R

Upon consideration of Defendant CDT System's motion to dismiss or in the alternative to transfer or stay this litigation, and upon consideration of all matter in support and opposition there to, it is this _____ day of _____2008

ORDERED that Defendant CDT Systems motion to dismiss is granted.

[or ORDERED that Defendant's motion to transfer this case to the United States District Court for the Northern District of Texas is granted**.]**

[or ORDERED in the alternative that Defendant's motion to dismiss is denied, but this case be and it is stayed pending resolution of <u>CDT Systems v. Nosal</u>, 07-cv-1215-P and <u>CDT v. Water & Sand International Capital, Inc</u>., 08-cv-38, both pending in the United States District Court for the Northern District of Texas, Dallas Division**.]**

_____

J U D G E

cc:     Glenn A. Mitchell
        David U. Fierst
        Stein, Mitchell, & Mezines, LLP
        1000 Connecticut Avenue, NW
        Suite 1100
        Washington, D.C.  20036
        Counsel for Plaintiff

        Stephen W. Grafman
        Sharp & Associates
        1215 19th Street, NW
        Washington, DC  20036
        Counsel for Defendant