UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Water & Sand International Capital, Ltd.<br><br>v.<br><br>Capacitive Deionization Technology Systems, Inc. d/b/a CDT Systems, Inc. | )<br>)<br>)<br>)<br>)   C.A. No. 08-CV-88 - RCL<br>)<br>)<br>) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL
AFFIDAVIT

Defendant Capacitive Deionization Technology Systems, Inc. ("CDT") enters its opposition to the motion of plaintiff Water & Sand International Capital, Ltd. ("W&S") to supplement the record with an affidavit it recently secured.

More specifically, plaintiff W&S motion seeks entry into the record of a March 11, 2008 affidavit of one Phillip Marshall ("the March 11 Sworn Statement it") because W&S claims "[h]is [Mr. Marshall's] testimony contradicts many of the assertions made by CDT in connection with its motion to dismiss or transfer."

What this March 11 Sworn Statement in actually does is to seriously erode Mr. Marshall's credibility when compared to his Declaration (copy attached as Exhibit 1) of February 25, 2008 ("the February 25 Sworn Statement"), which Mr. Marshall previously made under penalty of perjury (<u>see</u> 28 USC 1746).  This is seen vividly in paragraph 4 of his February 25 Sworn Statement where he denies drafting the promissory notes in question except "perhaps [in] the trivial sense of typing or retyping a draft in accord with the instructions of Chester Nosal…"  This statement  starkly contrasts with paragraph 8 of his March 11 Sworn Statement where he states in relevant part that  "[w]ith respect to most of the W&S

1

notes, I prepared them and cosigned them on behalf of CDT and understood their terms including the choice of law and venue for dispute resolution…."

Under the extant circumstances, the March 11 Sworn Statement of Mr. Marshall is highly suspect. The presently proffered March 11 Sworn Statement of Mr. Marshall, which W&S seeks to supplement the record with, is lacking in probity and has no place in this litigation.

WHEREFORE, defendant CDT respectfully submits that plaintiff's motion to supplement the record with the newly crafted March 11 Sworn Statement of Mr. Marshall should be denied and this affidavit stricken from the record, of this case.

>             _____/s/_____
> Stephen W. Grafman (32912)
> Sharp & Associates
> 1215 19th Street NW
> Washington, DC 20036
> (202) 467-1609
>
> Counsel for Defendant CDT

March 19, 2008

## Certificate of Service

I certify that a copy of the foregoing supporting memorandum was served electronically this 19th day of March, and by first class mail, postage prepaid, to counsel for the plaintiff W&S:

> Glenn A. Mitchell
> David U. Fierst
> Stein, Michell & Mezines, LLP
> 1100 Connecticut Avenue, NW
> Suite 1100
> Washington, DC 20036

>             _____/s/_____
>
> Stephen W. Grafman (32912)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WATER & SAND INTERNATIONAL CAPITAL, LTD. § § § | |
| v. § § § | CIVIL ACTION NO. 1:08-CV-00088-RCL |
| CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC., d/b/a CDT SYSTEMS, INC. § § § § | |

### DECLARATION OF PHIL MARSHALL

I, Phil Marshall, do hereby delcare as follows:

1. I have personal knowledge of the matters stated herein.

2. From mid 2003, to January 2007, I held the position of Chief Financial Officer of Capacitive Deionization Technology Systems, Inc. (hereinafter "CDT"). I have not been an employee, officer and/or director of CDT since that time.

3. Starting in November of 2004 and ending in November 2006 Chester Nosal's company Water & Sand International Capital, Inc., made a series of loans to CDT, evidenced by seven (7) promissory notes, (hereinafter the "Water & Sand promissory notes").

4. I am informed that Chester Nosal has stated that I had allegedly prepared some of the Water & Sand promissory notes. In none other than perhaps the trivial sense of typing or retyping a draft in accord with the instructions of Chester Nosal, have I ever prepared, generated, put together or composed the promissory notes or any portion of such promissory notes. Neither did I supply, insert or provide the rate of interest reflected in the promissory notes and it was not my idea or decision to have the promissory notes carry rates of interest as high as 3% per annum, compounded monthly.

5. I did not generate, compose or insert the "venue" provision into the Water & Sand promissory notes providing that venue for collection of the notes was to be in Washington, D.C.

6. I did not generate, compose or insert the "choice of law" provision into the Water & Sand promissory notes providing for the application of Nevada law to these promissory notes.

7. During the time that the Water & Sand promissory notes were generated, Joe Jones was an employee of CDT in charge of marketing. Water & Sand promissory notes were primarily the responsibility of CDT's CEO, Dallas Talley, who was dealing on the subject of the promissory notes with Chester Nosal, who continued to give the company legal advice through this period. I don't know of any reason or basis for assuming that Joe Jones would have been involved in composing the promissory notes or the terms or language of the promissory notes evidencing the Water & Sand loans.

8. I declare under penalty of perjury that the foregoing statements are true and correct.

Executed this 25th day of February, 2008.

*[signature]*
Phil Marshall