## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WATER & SAND INTERNATIONAL CAPITAL, )
LTD.                                )
                        PLAINTIFF,  )
V.                                  )
                                    )    C.A. NO. 08-CV-88 - RCL
CAPACITIVE DEIONIZATION             )
TECHNOLOGY SYSTEMS,                 )
INC. D/B/A CDT SYSTEMS, INC.        )
                                    )
                        DEFENDANT.  )


CDT MOTION FOR SUMMARY JUDGMENT
OR IN THE ALTERNATIVE
TO DISMISS PER FRCP RULE 12(b) 6

By this Court's July 16, 2008 Order, the defendant herein was directed to "answer or otherwise respond" to the Complaint by July 28, 2008. Defendant Capacitive Deionization Technology Systems, Inc. ("CDT") acting accordingly and pursuant to Rule 56 of the FRCP and/or Rule 12(b)6 respectfully moves the Court to enter judgment in its favor against the plaintiff herein Water & Sand International Capital Ltd. ("LTD"). The Complaint is deficient for among other reasons LTD in fact is not a proper party to the litigation.

The notes at issue (Exhibits 1 and 2 to the Complaint) are payable to Water & Sand Internal Capital, Inc. ("INC"), an entity not a party to this litigation. The conclusory, unsupported statement in paragraph 1 of the Complaint that INC and LTD are one and the same is refuted based upon the documentary evidence and a supporting declaration appended hereto together with a statement of material facts not in dispute. In short, INC is not also known as LTD. Further there is no allegation in the Complaint that the notes in question were, pursuant to the terms of the note or otherwise, endorsed or otherwise properly transmitted from INC to LTD, again because LTD and INC are not one and the same.

For the reasons set forth above, the Complaint is legally deficient and pursuant to Rule 12(b) (6), as well, should be dismissed for failure to state a claim upon which relief can be granted.

Consistent with this motion, a proposed Order is attached.

_____/s/_____
Stephen W. Grafman (032912)
Sharp & Associates
1215 19th Street NW
Washington, DC 20036
(202) 467-1609
Counsel for Defendant CDT Systems, Inc.

July 28, 2008

Certificate of Service

I certify that a copy of the foregoing Motion, as well as the supporting Memorandum, Statement of Material Facts, and Declaration of John D. Davies with exhibits, as well a proposed order was served electronically this 28th day of July 2008 to counsel for the plaintiff herein: David U. Fierst, Stein, Mitchell & Mezines, LLP, 1100 Connecticut Avenue, N.W., Suite 1100, Washington, D.C.  20036.


_____/s/_____
Stephen W. Grafman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


WATER & SAND INTERNATIONAL CAPITAL, )
LTD.                                )
                        PLAINTIFF,  )
V.                                  )
                                    ) C.A. NO. 08-CV-88 - RCL
CAPACITIVE DEIONIZATION             )
TECHNOLOGY SYSTEMS,                 )
INC. D/B/A CDT SYSTEMS, INC.        )
                                    )
                        DEFENDANT.  )


ORDER

Upon consideration of the motion of Capacitive Deionization Technology

Systems, Inc ("CDT") for summary judgment pursuant to Rule 56 of FRCP, and/or in the

alternative for dismissal pursuant to Rule 12(b)(6) of FRCP, and in consideration of all

matters in support and opposition thereto, it is this ___ day of ____ 2008


ORDERED that defendant's Motion is granted in that plaintiff, Water & Sands

International Capital, Ltd., in that based on the record of this case, the plaintiff lacks

standing to bring this law suit.


_____
Chief Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WATER & SAND INTERNATIONAL CAPITAL, )
LTD.                                                            )
                                            PLAINTIFF,          )
V.                                                              )
                                                               )          C.A. NO. 08-CV-88 - RCL
CAPACITIVE DEIONIZATION                                        )
TECHNOLOGY SYSTEMS,                                            )
INC. D/B/A CDT SYSTEMS, INC.                                   )
                                                               )
                                            DEFENDANT.         )


STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE ISSUE[1]


Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's
Local Civil Rule 56.1, the defendant herein Capacitive Deionization Technology
Systems, Inc. ("CDT Systems") sets forth its Statement of Material Facts it as the moving
party contends there is no genuine issues of material facts.

(1)  The promissory notes at issue in this case are made payable to an entity Water
     & Sand International Capital, Inc. (hereinafter ("INC") Complaint, Ex. 1 & 2)

(2)  The plaintiff in this case Water & Sand International Capital, Ltd. (hereinafter
     "LTD") is a Delaware corporation owned 100% by one Chester Nosal
     ("Nosal"). (Complaint, ¶1)  Nosal is an attorney with stated expertise in the
     area of international and corporate law and tax, and is a former officer in the
     Tax Treaty Branch of the Internal Revenue Service.  He is also a large
     shareholder and lender to CDT, as well as a member of CDT's Advisory
     Board that provided guidance to the CDT Board of Directors (Davies
     Declaration ("DEC"), ¶10 & 11).

---

[1] Should the Court conclude that this filing should be treated as a Rule 12(b)(6) motion, we respectfully
submit this filling would be appropriate in that regard as well.

(3) The Complaint states in conclusionary language with no supporting information that LTD is "also known as" INC. (Complaint, ¶1) There is no allegation in the Complaint that the notes were negotiated or otherwise transferred to LTD, only the reference that INC is also known as LTD. (Complaint. 1)

(4) The notes at issue (Complaint, Ex. 1 & 2) make no mention of any relationship between LTD and INC and in fact do not reference LTD.

(5) The SEC filing by CDT as of November 17, 2006 referencing CDT notes payable to INC make no reference to LTD (DEC at ¶11 with Ex. A thereto). In fact to the contrary, this filing identifies INC as an affiliate of id, an affiliate of Nosal. (Id.)

(6) On January 28, 2008, a letter from CDT to Nosal asking for additional information as to LTD, INC and others was never responded to. (DEC at ¶12 with Ex. B thereto)

(7) The Delaware Secretary of State, Division of Corporations shows a listing for LTD, but shows no documentation of any reference to INC either as an entity also known as LTD or otherwise. (DEC, ¶13 with Ex. C thereto).

(8) There is a Water & Sand (International) Capital Limited registered in Gibraltar ("Gibraltar") which apparently is owned by LTD, but makes again no reference to INC. (DEC ¶14 with Ex. D thereto)

(9) There is a Water & Sand International Capital Limited, N.V. registered in Curacao, but again no reference to INC. (DEC ¶14 with Ex. E thereto)

2

(10)    There is no documentation that corroborates the conclusionary statement
that INC is also known as LTD (DEC ¶15)


_____/s/_____
Stephen W. Grafman (032912)
Sharp & Associates
1215 19th Street NW
Washington, DC 20036
(202) 467-1609
Counsel for Defendant CDT Systems, Inc.

July 28, 2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WATER & SAND INTERNATIONAL CAPITAL, LTD. | ) |
| PLAINTIFF, | ) |
| V. | ) |
| | ) C.A. NO. 08-CV-88 - RCL |
| CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. D/B/A CDT SYSTEMS, INC. | ) |
| | ) |
| DEFENDANT. | ) |

## DECLARATION OF JOHN D. DAVIES

I declare under penalty of perjury that this Declaration is true and correct to the best of my knowledge:

1. My name is John D. Davies, and I make this Declaration in support of the motion of defendant Capacitive Deionization Technology Systems, Inc. ("CDT") for summary judgment and/or in the alternative for dismissal of the complaint as it stands for failure of the plaintiff herein Water & Sand International Capital, LTD ("LTD") to state a claim upon which relief can be granted.

2. I am the Chief Executive Officer ("CEO") of CDT and have been such since October 16, 2006 at which time I also became a member of the CDT Board of Directors.  By virtue of my position as CEO I am the custodian of all the books and records of our company.

3. CDT is a technology start-up company that has been working to perfect and market a water purification device or system.

4.  My knowledge of, and involvement with, CDT dates back to 2002 when I first engaged in discussions with the company.  In 2003 I became involved by transaction with CDT through securing my wife's investment in the company.

5.  I myself in 2004 became an investor in CDT and was, among other things, involved with CDT fundraising, identification of potential markets, and other management functions.

6.  After joining the Board, I became concerned as to the nature of the close relationship between CDT's then Chairman Dallas Talley ("Talley") and one Chester Nosal ("Nosal"), an attorney who had provided paid legal services to the Company, was a large shareholder and lender to the Company, and who also served on the Company's Advisory Board giving guidance to Company management.  Both Talley and Nosal are now defendants in ongoing litigation in Texas brought by CDT[1] .

7.  Prior to the issuance of the consolidated notes at issue in this litigation (Exhibits 1 and 2 to the Complaint) there were six promissory notes executed by CDT, payable to Water & Sand International Capital, Inc ("INC").  In none of these notes, was there any statement or other notice that INC is also known as Water & Sand International Capital, Ltd ("LTD").

8.  On November 1 and 2, 2006 the two consolidated notes at issue in this litigation (Exhibits 1 and 2 to the Complaint) were signed by Talley for CDT who at that time was still CDT's Chairman. He had negotiated the loans with Nosal over what Nosal attests in paragraph 7 of the Complaint was "a period of several months, from May to October 2006..." At no time either before or after that was I or

---

[1] CDT v Talley, Dallas County Texas District Court, Cause No. 07-6317 (alleging breach of fiduciary duty and conversion and misappropriation of CDT monies); and CDT v. Nosal, USDC, ND Tex 07-cv-1215(for breach of fiduciary duty to CDT based on his self-dealing and other activities to the detriment of CDT and to the benefit of Nosal.). ..

other CDT Board members made aware by Nosal and/or Talley that INC, the payee of note, was one and the same entity as LTD.

9.  As an attorney with stated expertise in the area of international and corporate law and tax, and as a stated former officer in the Tax Treaty Branch of the "International Revenue Service," Nosal (who attested to the Complaint) was fully aware through his active participation in the loan negotiations that there was no reference in the notes to INC being also known as LTD.

10. In required filings with the Securities and Exchange Commission, CDT in reliance on the wording of the notes has always referred to the notes as read as being payable to INC (Exhibit A to this Declaration).  Nosal, as an attorney negotiating the loans with CDT, as an experienced corporate attorney, and as a large shareholder and lender to CDT, most assuredly was aware of these filings and did not express any view recorded in Company documents that filings with the SEC respecting notes payable to INC should make a full disclosure that INC was also known as LTD (if that in fact were the case). To the contrary INC is only listed in SEC filings as "an affiliate of Chester Nosal" (Exhibit A to this Declaration.).

11. By letter of January 28, 2008 (Exhibit B to this Declaration), I directed that a letter be sent from CDT to Nosal in an effort to update CDT's records concerning INC, and also LTD and others.  At no time did CDT receive from Nosal a response to this letter in writing or otherwise that LTD and INC were one and the same.

12. In view of the allegations sworn to by Nosal in the present Complaint and in the absence of a response to the January 28, 2008 letter, I caused a search to be made of the records of LTD in Delaware where the Complaint states that LTD is incorporated. The Delaware Secretary of State Office (Division of Corporations) has advised through documents received (Exhibit C to this Declaration) and

3

otherwise that INC is not shown to have a trade name or other derivative name of INC in any LTD filing there, and further that there is no record that LTD registered the name of INC.

13. I personally have undertaken a search to ascertain to what extent, if any, INC might otherwise be known as LTD. In that regard, I ascertained that there are two off shore entities (owned and controlled by Nosal) which use the designation of Ltd as their respective names. These are: Water & Sand (International) Capital Ltd in Gibraltar (Exhibit D to this Declaration) and Water & Sand International Capital Limited N.V in Curacao (Exhibit E to this Declaration). Neither entity registration filing makes any reference to INC.

14. Based on my review of CDT files it was and remains my understanding that the notes in question were executed with INC the payee, not with LTD as its unknown alter ego. I neither understand nor was I led to believe by Nosal or anyone else that INC was one and the same as LTD.

Signed this ___28th___ of July 2008 as authorized at 28 USC 1746.

_J. D Davies_
John D. Davies

4

# EXHIBIT A

## TO THE JOHN DAVIES DECLARATION

1. EDGAR Online, CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS INC, FORM
   TYPE: 10KSB/A, DOCUMENT DATE: December 31, 2005, FILING DATE: November
   17, 2006
   ... Dallas Talley, Chairman and Chief Executive Officer was the holder of a
   convertible debenture amounting to $80,000 as of December 31, 2005 and 2004.
   The note was past due as of December 31, 2005. The note bears interest at 12% per
   year and, as of December 31, 2005, the note and accrued interest is convertible into
   396,800 shares of common stock. The Company has also borrowed $2,000,000 and
   $1,000,000 as of December 31, 2005 and 2004, respectively, from **Water & Sand
   International** Capital, Inc., an affiliate of Chester Nosal, Advisory Board member.
   The notes, due on demand, bore interest at 1 1/2% per month until November 30,
   2005 ($1,200,000), February 28, 2006 ($400,000) or April 30, 2006 ($400,000), at
   which respective times the interest rate becomes 3% per month. The principal and
   interest is convertible to 11,158,554 shares of common stock at December 31, 2005.
   Chester Nosal was also a holder of a convertible debenture in the amount $200,000
   in 2004. The debenture bore interest at 1% per month and the principal and interest
   was converted to 1,293,700 shares of common stock in 2005. ...

2. EDGAR Online, CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS INC, FORM
   TYPE: 10QSB, DOCUMENT DATE: September 30, 2006, FILING DATE: November 14,
   2006
   ... Through June 30, 2006, the Company had been accruing interest in the total
   principal amount of $2,000,000, on certain convertible demand notes from **Water &
   Sand International** Capital, Inc., a Company creditor and an affiliate of Chester
   Nosal, a member of the Company's Advisory Board. The notes had provided for
   interest at 1.5% per month until certain dates ranging from November 30, 2005 to
   April 30, 2006, at which time the rate became 3% per month. Effective July 1, 2006,
   Water & Sand agreed to waive the accrual of interest at 3% per month up to that
   date. The effect of the waiver was that all the notes incurred interest at a rate of
   only 1.5% per month through the second quarter reporting period ended June 30,
   2006. On July 1, 2006, the Company consolidated all principal and interest of the
   Water & Sand notes into one consolidated note in the principal amount of
   $3,057,761. The convertible note is a consolidated demand note with a 3% per
   month interest rate. The effect of the waiver on the Company's statement of
   operations was to decrease interest expense for the third quarter of 2006 by
   $171,195. ...

3. EDGAR Online, CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS INC, EXHIBIT
   TYPE: EXHIBIT 99 - Additional Exhibits, FILING DATE: November 19, 2004
   ... Capacitive Deionization Technology Systems, Inc, (CDT Systems) (CDTN.OB)
   announced that it has completed a $1,000,000 bridge financing transaction with
   **Water & Sand International** Capital, Inc. (W&S), St. Maarten, Netherlands
   Antilles. The bridge financing is in the form of a one-year demand note at an interest
   rate of 1.5% per month due on or before November 30, 2005. ...

Source: News & Business > Company & Financial > All Company Information (excluding Investext & D&B) 🛈
Terms: water /1 sand international  (Edit Search | Suggest Terms for My Search)
View: Cite
Date/Time: Tuesday, July 22, 2008 - 10:44 AM EDT

 **LexisNexis®**

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

# EXHIBIT B

## TO THE JOHN DAVIES DECLARATION



## CDT SYSTEMS, INC.                    www.cdtwater.com

4251 Kellway Circle, Addison, Texas 75001 • Tel (972) 934-1586 • Fax (972) 934-1592

28 January 2008

Chester Nosal Esq
President
Water & Sand International Capital, Inc.
International Square
1875 I Street N.W.. Suite 500
Washington, D.C.. 20006
U.S.A.

Dear Mr. Nosal,

Upon review of company records, we see income that should have been reported.

To update our tax documentation, we seek your assistance with the following information.

Please provide Federal tax identification number, and complete and sign the attached forms W9, for each of the following entities:

- Water & Sand  International Capital Limited. Gibraltar register number 39214.

- Water & Sand  International Capital Limited N.V.. Curaçao register number 59512(0). Netherlands Antilles.

- Water & Sand  International Capital Limited, a Delaware corporation, and

- Water & Sand International Capital, Inc.. an entity of unknown registration.

Your immediate response would be appreciated.

Yours truly,

Traci Parsons
Financial Controller

# EXHIBIT C

## TO THE JOHN DAVIES DECLARATION

6. ... 2008  15:21    3027392499    DIV OF CORPORATIONS    PAGE  03

# State of Delaware
# Annual Franchise Tax Report

| CORPORATION NAME | | | | |
|---|---|---|---|---|
| WATER & SAND INTERNATIONAL CAPITAL, LIMITED | | | | TAX YR. 2007 |

| FILE NUMBER | INCORPORATION DATE | RENEWAL/REVOCATION DATE | | |
|---|---|---|---|---|
| 2140539 | 1987/10/13 | | | |

PRINCIPAL PLACE OF BUSINESS
201 Cupecoy Beach Club

PHONE NUMBER
0000000011599543312

St. Maarten XX NETHERLANDS ANTILLES

REGISTERED AGENT
THE CORPORATION TRUST COMPANY

AGENT NUMBER
9000010

CORPORATION TRUST CENTER
1209 ORANGE STREET

WILMINGTON                    DE 19801

| AUTHORIZED STOCK | | DESIGNATION/ | NO. OF SHARES | PAR VALUE/ SHARE |
|---|---|---|---|---|
| BEGIN DATE | END DATE | STOCK CLASS | | |
| 1987/10/13 | | COMMON | 1,000 | 1.000000 |

| OFFICER | NAME | STREET/CITY/STATE/ZIP | TITLE |
|---|---|---|---|
| Chester W. Nosal | | | |

1875 I Street, suite 500

President

Washington DC 20006 United States

| DIRECTORS | NAME | STREET/CITY/STATE/ZIP |
|---|---|---|
| Chester Nosal | | |
| 201 Cupecoy Beach Club | | |
| St. Maarten NA NETHERLANDS ANTILLES | | |

Total number of directors:1

NOTICE: Pursuant to 8 Del. C. 502(b), If any officer or director of a corporation required to make an annual franchise tax report to the Secretary of State shall knowingly make any false statement in the report, such officer or director shall be guilty of perjury.

AUTHORIZED BY (OFFICER, DIRECTOR OR INCORPORATOR)
Chester W. Nosal

DATE                    TITLE

1875 I Street, suite 500

President

2008-01-22

Washington DC 20006 United States

**Delaware Secretary
of State Gateway**



This data is for information purposes only, certification can only be obtained through the Division of Corporations, or from a Delaware Registered Agent's office located within the State of Delaware.

Source Info

## *Detail Information*

Date/Time of Results: 07-22-2008 at 10:44

| | | |
|---|---|---|
| File Number: 2140539 | Name Type: Delaware Company | Stock Co Flag: Stock Company |

Name: WATER & SAND INTERNATIONAL CAPITAL, LIMITED

| | | |
|---|---|---|
| Kind: Corporation General | Status: Good Standing as of 10-13-1987 | Tax Type: A/R Filing Required |
| Residency: Domestic | State of Incorp: DE | Country: US |
| Original Country: | Incorp/Qualify Date: 10-13-1987 | Foreign Incorporation Date: |
| Proclamation Date: | Renewal Date: | Expiration Date: |
| Bankruptcy Status: | Bankruptcy Date: | State: |
| Case Number: | Merged To: | State: |
| Federal ID: | Quarterly Filing?: | Last Annual Report: 2007 |

Registered Agent: 9000010
THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON , DE19801

Registered Agent County: New Castle

Phone: 302-658-7581

Fax: 302-655-5049

### Stock Information:

Amendment Number: 000   Effective Date: 10-13-1987   Effective Time: 10:00

| Stock Seq Number | Description | Series | Class | Authorized | Par Value |
|---|---|---|---|---|---|
| 1 | COMMON | | | 1,000 | 1.000000 |

### Filing History:

| Seq Number | Filing Year | Doc Code | Doc Code Desc | Doc Pages | Dom Pages | Doc Filing Date | Doc Filing Time | Doc Effective Date | Doc Filing Status | Co Prev Name | Merger Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1987 | 0102S | Incorp Delaware Stock Co. | 3 | | 10-13-1987 | 10:00 | 10-13-1987 | | | |

### Tax Info:

As Of Date: 07-22-2008Tax Balance: .00

| Tax Year | Total Filing | Total Taxes | Total Penalty | Total Interest | Total Other | Total Paid | Total Balance |
|---|---|---|---|---|---|---|---|
| 2008 | .00 | 75.00 | .00 | .00 | .00 | .00 | 75.00 |
| 2007 | 25.00 | 35.00 | .00 | .00 | .00 | 60.00 | .00 |
| 2006 | 25.00 | 35.00 | .00 | .00 | .00 | 60.00 | .00 |

Go Back

# Delaware

PAGE   1

## *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND
CORRECT COPY OF THE ANNUAL REPORT OF "WATER & SAND INTERNATIONAL
CAPITAL, LIMITED" AS FILED IN THIS OFFICE.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2140539   8200

080813316

AUTHENTICATION: 6753052

DATE: 07-25-08

# State of Delaware

# Annual Franchise Tax Report

| CORPORATION NAME | | | | TAX YR. |
|---|---|---|---|---|
| WATER & SAND INTERNATIONAL CAPITAL, LIMITED | | | | 2007 |

| FILE NUMBER | INCORPORATION DATE | RENEWAL/REVOCATION DATE |
|---|---|---|
| 2140539 | 1987/10/13 | |

**PRINCIPAL PLACE OF BUSINESS**
201 Cupecoy Beach Club

**PHONE NUMBER** 00000000011599543312

St. Maarten XX NETHERLANDS ANTILLES

**REGISTERED AGENT**
THE CORPORATION TRUST COMPANY

**AGENT NUMBER** 9000010

CORPORATION TRUST CENTER
1209 ORANGE STREET

WILMINGTON          DE 19801

| AUTHORIZED STOCK BEGIN DATE | END DATE | DESIGNATION/ STOCK CLASS | NO. OF SHARES | PAR VALUE/ SHARE |
|---|---|---|---|---|
| 1987/10/13 | | COMMON | 1,000 | 1.000000 |

| OFFICER | NAME | STREET/CITY/STATE/ZIP | TITLE |
|---|---|---|---|
| Chester W. Nosal | | | |
| | | 1875 I Street, suite 500 | President |
| | | Washington DC 20006 United States | |

| DIRECTORS | NAME | STREET/CITY/STATE/ZIP |
|---|---|---|
| Chester Nosal | | |
| 201 Cupecoy Beach Club | | |
| St. Maarten NA NETHERLANDS ANTILLES | | |

===================================================================

Total number of directors:1

NOTICE: *Pursuant to 8 Del. C. 502(b), If any officer or director of a corporation required to make an annual franchise tax report to the Secretary of State shall knowingly make any false statement in the report, such officer or director shall be guilty of perjury.*

**AUTHORIZED BY (OFFICER, DIRECTOR OR INCORPORATOR)**          DATE          TITLE
Chester W. Nosal

1875 I Street, suite 500                                                  President

                                        2008-01-22

Washington DC 20006 United States

# EXHIBIT D

## TO THE JOHN DAVIES DECLARATION



## Latest / Current Available Information on Company :

|  |  | Operator | Tracy Braz |
|---|---|---|---|
| Incorporation No. | 39214 | Date Profile Issued | January 17, 2008 |
| Name | WATER & SAND (INTERNATIONAL) CAPITAL LIMITED | | |
| Incorporation Date | May 29, 1990 | | |
| Type | PRIVATE COMPANY LIMITED BY SHARES | | |
| Status | | | |
| Last Annual Return filed made up to | July 16, 2007 | | |
| Last Accounts filed made up to | December 31, 2006 | | |
| Registered Office | SUITE 7B & 8B, 50 TOWN RANGE, GIBRALTAR. | | |

Authorised Share Capital :
  GBP 100.00 divided into :        100 ORDINARY shares of GBP 1 each

| No. of Auth. Shares | 100.00 |
|---|---|
| No. of Issu. Shares | 100.00 |

Shareholders

| Name | WATER & SAND (INTERNATIONAL) CAPITAL LTD |
|---|---|
| Address | 1209 ORANGE STREET, WILMINGTON, 19801 DELAWARE, USA |
| Nationality | |
| Occupation | LIMITED COMPANY |
| Shares held | 100 ORDINARY shares of GBP 1 each |

Directors

| Name | CHESTER NOSAL |
|---|---|
| Address | INTERNATIONAL SQUARE, 1875 I STREET,, N.W. SUITE 50 WASHINGTON D.C. 20006, U.S.A. |
| Nationality | AMERICAN |
| Occupation | ATTORNEY-AT-LAW |
| Appointed on | 01/06/1990 |
| Resigned on | |
| Name | FINSBURY CORPORATE SERVICES LIMITED |
| Address | SUITES 7B & 8B, 50 TOWN RANGE, GIBRALTAR |
| Nationality | |
| Occupation | LIMITED COMPANY |
| Appointed on | 28/02/2007 |
| Resigned on | |

Secretaries

| Name | FINSBURY SECRETARIES LIMITED |
| Address | SUITES 7B & 8B, 50 TOWN RANGE, GIBRALTAR |

| Nationality | |
| Occupation | LIMITED COMPANY |
| Appointed on | 29/05/1990 |
| Resigned on | |

Charges

| No. | Serial No. | Mortgage, Charge, or Debenture | Amount Secure | Date Registered | Date Satisfied |
|-----|-----------|-------------------------------|---------------|-----------------|----------------|
| 1 | 07193 | CHARGE | UNLIMITED AMO | 11/09/1996 | 21/12/2006 |
| 2 | 09163 | AGREEMENT | UNLIMITED AMO | 21/12/1999 | 21/12/2006 |

This information has been extracted from public records held at the Registry of Companies in Gibraltar. However, the information is only as accurate as that which is filed by the Company.

For a more in-depth historical record of the Company, it is necessary to carry out a search of the Company's File at Companies House.

Copies of any public documents filed at the Registry are available subject to payment of a fee.

**Small Company Balance Sheet Schedule 4 Format1 (As per Companies (Accounts) Act 1998)**

COMPANY NAME:- Water & Sand (Int) Capital Ltd

INCORPORATION NUMBER :- 39214

(Figures in Pound Sterling)

**Balance sheet as at 31 December 2006**

|  | | 2006 | | 2005 |
|---|---|---|---|---|
| Called-up share capital not paid | | | | |
| **Fixed assets** | | | | |
| Intangible assets | | | | |
| Tangible assets | | 1,986,243 | | 1,386,243 |
| Investments | | 2,010,000 | | 2,010,000 |
| | | (2,000,000) | | (2,000,000) |
| **Current assets** | | | | |
| Stocks | | | | |
| Debtors | 2,227,756 | | | |
| Investments | | | | |
| Cash at bank and in hand | 265,595 | | | 139,733 |
| Prepayments and accrued income | | | | |
| Creditors amounts falling due and payable within one year | | | | |
| Net current assets (liabilities) | | 2,493,351 | | 139,733 |
| Total assets less current liabilities | | 3,889,594 | | 1,535,976 |
| Creditors amounts falling due and payable after more than one year | | | | |
| Provisions for liabilities and charges | | | | |
| Accruals and deferred income | | | | |
| **Total Net Assets** | | 3,889,594 | | 1,535,976 |
| **Capital and Reserves** | | | | |
| Called-up share capital | | | | |
| Share premium account | | 1,000 | | 1,000 |
| Capital reserve | | 2,000,000 | | 2,000,000 |
| Revaluation reserve | | (2,000,000) | | (2,000,000) |
| Other Reserves | | | | |
| Profit and loss account | | 2,952,600 | | 598,982 |
| | | 935,994 | | 935,994 |
| **Total** | | 3,889,594 | | 1,535,976 |

SIGNED ON BEHALF OF THE BOARD ON 14 June 2007

DATA ENTERED 10

Chester Noxal
Director

Finsbury Corporate Services Limited
Director

William Cid de la Paz

Particulars of the Directors and Secretaries of Water & Sand (Int) Capital Ltd at the date of the Annual Return*.

| **The present Christian Name or Names and Surnames | Any former Christian Name or Names or Surname | Nationality | Nationality of Origin (if other than the present Nationality) | Usual Residential Address | ***Other Business Occupation, if any. If none, state so. |
|---|---|---|---|---|---|
| Chester Nosal | | American | | International Square. 1875 I Street, N.W. Suite 500 Washington, D.C. 20006 United States of America | Attorney at law |
| Finsbury Corporate Services Limited | | N/A | | Suites 7B & 8B 50 Town Range Gibraltar | Limited Company |
| Secretaries: | | | | | |
| Finsbury Secretaries Limited | | N/A | | Suites 7B & 8B 50 Town Range Gibraltar | Limited Company |

* "Director" includes any person who occupies the position of a Director by whatever name called, and any person in accordance with whose directions or instructions the Directors of the Company are accustomed to act.

** In the case of a Corporation its Corporate Name and Registered or Principal Office should be shown.

*** In the case of an individual who has no business occupation but holds any other directorship or directorships particulars of that directorship or of some one of those directorships must be entered.

Certificate to be given by a Private Company.
I certify that the Company has not since the date of the *last Annual Return,
issued any invitation to the public to subscribe for any Shares or
Debentures of the Company.

(Signature) ............................................
**Finsbury Secretaries Limited** Secretaries
(State whether Director or Secretary)

*In the case of the first Annual Return strike out the words "last annual return" and substitute
with the words "Incorporation of the Company".

#VPF:FRM43115#

No. of Company: 3925.     Date of Incorporation: 29-May-1990     Date last A/R: 15-Jul-2006

(Private Company)
*"THE COMPANIES ACT"*

# Form of Annual Return of a Company having a Share Capital

As required by Part IV of The Companies Act (Section 101)

Annual Return of     **Water & Sand (Int) Capital  Ltd**

Made up to the     **16th day of July, 2007**

Being the Fourteenth Day after the date of the first or only Ordinary General Meeting in 2007

Address of Registered Office:     **Suites 7B & 8B, 50 Town Range, Gibraltar**

SUMMARY OF SHARE CAPITAL AND SHARES

| | | | |
|---|---|---|---|
| 1.Nominal Share Capital | GBP100.00 | divided into  100 Ordinary | shares of  GBP1.00     each |

2.Total Number of Shares taken up to the 16th day of July, 2007 being the date of the Return     **100 Ordinary**
(which Number must agree with the Total shown in the List as held by existing Members)

3.   Number of Shares issued subject to payment wholly in Cash     **100 Ordinary**

4.   Number of Shares issued as fully paid up otherwise than in Cash     **Nil**

5.   Number of Shares issued as partly paid up to the extent of  per Share otherwise than in Cash     **Nil**

6.   Number of Shares (if any) issued at a discount     **Nil**

7.   Number of Shares (if any) issued at a discount     **Nil**

8.   Total amount of discount on the Issue of Shares which has not been written off at the date of this Return     **Nil**

9.   There has been called up on each of     100 Ordinary     shares     **GBP1.00**

10.  There has been called up on each of     Nil     shares     **Nil**

11.  There has been called up on each of     Nil     shares     **Nil**

12.  Total amount of Calls received, Including Payments on Application and Allotment     **GBP100.00**

13.  Total amount (if any) agreed to be considered as paid on Nil Shares which have been issued as fully     **Nil**
     paid up otherwise than in Cash

14.  Total amount (if any) agreed to be considered as paid on Nil Shares which have been issued as fully     **Nil**
     paid up to the extent of Nil per share otherwise than in Cash

15.  Total amount of Calls unpaid     **Nil**

16.  Total amount of the sums (if any) paid by way of Commission in respect of any Shares or Debentures or     **Nil**
     allowed by way of Discount in respect of any Shares or Debentures since the date of the last Return

17.  Total number of Shares forfeited     **Nil**

18.  Total amount paid (if any) on Shares forfeited     **Nil**

19.  Total amount of Shares for which Share Warrants to Bearer are outstanding     **Nil**

20.  Total amount of Share Warrants to Bearer issued and surrendered respectively     Issued:     **Nil**
     since the date of the last Return     Surrendered:     **Nil**

21.  Number of Shares comprised in each Share Warrant to Bearer     **Nil**

22.  Total Amount of Indebtedness of the Company in respect of all Mortgages and Charges of the kind which are     **Unlimited**
     required (or, in the case of a Company registered in Scotland, which, if the Company had been registered in     **Amount**
     England, would be required) to be registered with the Registrar of Companies under The Companies Act

Presented by     **Finsbury Trust & Corporate Services Limited**
                 **Suites 7B & 8B, 50 Town Range, Gibraltar**

#VPF:FRM43115#

List of Persons holding Shares in Water & Sand (Int) Capital Ltd on the 16th day of July, 2007 and of Persons who have held Shares therein at any time since the date of the last Return, or [in case of their Names and the First Return] of the Incorporation of the Company, showing Addresses, and an Account of the Shares so held.

N.B.- If the names in this list are not arranged in alphabetical order, an Index sufficient to enable the name of any person in the list to be readily found must be annexed to this list.

## NAMES, ADDRESSES AND OCCUPATIONS

| Folio in Register Ledger containing Particulars | SURNAME | CHRISTIAN NAME | ADDRESS | OCCUPATION | *Number of Shares held by existing Members at date of Return.+ |
|---|---|---|---|---|---|
| | Water & Sand (International) Capital Ltd | | 1209 Orange Street Wilmington 19801 Delaware United States of America | Limited Company | Ordinary Shares 100 |
| | | | | | 100 |

## ACCOUNT OF SHARES

| (*) Particulars of shares transferred since the date of the last return or in the case of the first return since the incorporation of the company, by persons who are still members. | | (*) Particulars of shares transferred since the date of the last return or in the case of the first return since the incorporation of the company, by persons who have ceased to be members. | |
|---|---|---|---|
| Number.+ | Date of Registration of Transfer | Number.+ | Date of Registration of Transfer |
| | | | |

(*) The date of Registration of each Transfer should be given as will as the Number of Shares transferred on each date. The Particulars should be placed opposite the name of the Transferor, and not opposite that of the Transferee, but the name of the Transferee may be inserted in the "Remarks" column immediately opposite the particulars of each Transfer.

REMARKS

The aggregate number of Shares held, and not the Distinctive Numbers, must be stated and the column must add up throughout, so as to make the one total stated in the Summary to have been taken up.

When the Shares are of different classes, these columns may be sub-divided so that the number of each class held, or transferred, may be shown separately. Where any Shares have been converted into Stock, the amount of Stock held by each member must be shown.

W. Cherhayes
(Signature)......................
Statutory Secretarial Limited Secretaries
Secretary
State whether Director or Manager or Secretary)

#VPF:FRM43115#

# EXHIBIT E

## TO THE JOHN DAVIES
## DECLARATION



# Curaçao Commercial Register
## Excerpt from the Commercial Register

Registration number: 59512 (0)
Date: January 17, 2008  Time: 5:39:11 PM

**In the Commercial Register of the Curaçao Chamber of Commerce & Industry is registered with number 59512 the company with the trade name Water & Sand International Capital Limited N.V.**

| | |
|---|---|
| Trade name | Water & Sand International Capital Limited N.V. |
| Legal form | Limited Liability Company |
| Official company name | Water & Sand International Capital Limited N.V. |
| Statutory seat | Curaçao |
| Date of incorporation | March 18, 1992 |
| Date last amendment | February 12, 1993 |
| Date established | March 18, 1992 |
| Authorized capital | U.S.A. Dollar 36,000.00 |
| Issued capital | U.S.A. Dollar 6,000.00 |
| Paid up capital | U.S.A. Dollar 0.00 |
| | There are holders of non paid-up shares |
| Shares | There are different kinds of shares |
| Fiscal year | The fiscal year is equal to the calendar year |
| Business address | Margrietlaan 15 17 |
| | Curaçao |
| | Netherlands Antilles |
| Correspondence address | same as above |
| Object categories of the business | Credit Card Organization, Credit and Financing Institutions (not elsewhere specified) |

---

**The business is discontinued as of June 21, 2000**

---

**Official(s)**
**1**

| | |
|---|---|
| Function | Statutory director |
| Title description | Managing Director |
| Name | Timothy John Shanahan |
| Address | Prinses Magrietlaan 15 17 |
| | Curaçao |
| | Netherlands Antilles |
| Date of birth | August 3, 1957 |
| Place of birth | New Port |
| Country of birth | United States of America |
| Nationality | American |

**2**

| | |
|---|---|
| Function | Supervisory director |
| Name | Chester Walter Nosal |

| | |
|---|---|
| **Address** | **Adres Onbekend** |
| | **Washington D.C.** |
| | **United States of America** |
| **Date of birth** | **July 12, 1944** |
| **Place of birth** | **Chicago, Illinois** |
| **Country of birth** | **United States of America** |
| **Nationality** | **American** |

**Source: Registry-information Internet. This document is not an excerpt in accordance with article 19 paragraph 1 of the Commercial Register Decree (O.G. 1946 no. 41)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


WATER & SAND INTERNATIONAL CAPITAL, )
LTD.                                )
                         PLAINTIFF, )
V.                                  )
                                    ) C.A. NO. 08-CV-88 - RCL
CAPACITIVE DEIONIZATION            )
TECHNOLOGY SYSTEMS,                 )
INC. D/B/A CDT SYSTEMS, INC.        )
                                    )
                         DEFENDANT. )


DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

Introduction


        The plaintiff seeks to enforce two promissory notes. (Exhibits 1 & 2 to the

Complaint).  Water & Sand International Capital Ltd. ("LTD"), plaintiff herein, however,

has no standing to bring this action.  The referenced notes for which defendant Capacitive

Deionization Technology Systems, Inc. (CDT) is maker are payable to Water & Sand

International Capital, Inc. ("INC.") or order.  LTD is not a proper party to this litigation.

Additionally, the Complaint alleges no endorsement or other directive indicating transfers

of the notes from INC to LTD or to order, or to any other person or entity.


        In an attempt to surmount these deficiencies LTD makes an unsupported

assertion in paragraph 1 of its Complaint that INC is "also known as" LTD.  The

Complaint is attested to by one Chester Nosal ("Nosal") who in this same paragraph 1 of

the Complaint is stated to be LTD's president and sole shareholder.


1

Nosal is an attorney specializing in international and corporate matters, including tax, and is a former officer in the Tax Treaty Branch of the Internal Revenue Service. Until 2007 (and encompassing the period when these notes in question were negotiated and then executed —November 1 and 2, 2006). Nosal was also a lawyer for CDT and a member of its Advisory Board. In addition, he is a large shareholder and lender to CDT. (Declaration of John D. Davies, hereafter ("DEC") at ¶10 & 11).

LTD, through Nosal, attests in paragraph 7 of the Complaint that the notes at issue were "negotiated by Nosal over a period of several months," before execution, yet these notes reference only INC as the payee, and make no reference to LTD. Moreover in what apparently is CDT's most recent filing of November 17, 2006 with the Securities and Exchange Commission, ("SEC") respecting outstanding loans, INC is defined only as "an affiliate of Chester Nosal" with no reference to, or mention of LTD. (DEC at ¶11 with Ex A thereto.)

In essence plaintiff ignores reality and is left to fall back on its self-serving, but undocumented assertion that LTD is "also known as" INC, seemingly an effort to circumvent the deficiencies in the Complaint.

Additional Factual Background

Defendant CDT is a Nevada corporation with its principal place of business in Addison, Texas. (Complaint, ¶2). It is engaged in the development of a water treatment and purification system pursuant to a license from the renowned Lawrence Livermore National Laboratory. (Complaint, ¶5).

LTD provides no description of itself in the Complaint as to its corporate activities, albeit it does state that it is incorporated in Delaware (Complaint, ¶1). INC, the payee of the notes at issue, is not identified in the Complaint, as to corporate domicile, notwithstanding that it is denominated in the notes as a corporation.

The loans at issue reflect that INC, not LTD, is the payee. Both are demand notes—the first dated November 1, 2006 and the second the following day, November 2, 2006. The November 1, 2006 note is in the amount of three-million dollars ($3,000,000.00); and the November 2, 2006 note in the amount of two-hundred thousand dollars ($200,000.00). Each is denominated as "consolidated." In the case of the $3million note it reflects consolidation of the earlier INC (not LTD) loans to CDT that commenced in or about 2004. Each of these earlier notes consolidated into the notes at issue were likewise payable to INC, again with no reference to LTD. At no time do any of these notes (either the earlier ones or the consolidated ones) make reference to INC as being also known as LTD or in fact reference LTD in any fashion (DEC ¶9). In the case of the $200,000 note, it consolidates four loan advances payable to CDT at different times.

Nosal has created other corporate entities, forming at least two similarly named off shore corporations in which again he is the sole shareholder, and the president of each. These entities are registered as Water & Sand (International) Capital, Ltd in Gibraltar and Water & Sand International Capital N.V. in Curaçao (DEC at ¶14 with Ex. D & E).

Delaware records in the office of the Delaware Secretary of State Division of Corporations confirms that LTD was incorporated in Delaware, but do not reference INC

as being in any way affiliated with LTD or indeed any reference at all to LTD (DEC ¶13

with Ex. 2 attached).  Similarly, as seen, the SEC filings by CDT referencing the notes

and their status as required in SEC filings make no reference to LTD only to the assertion

that INC is the payee of these notes and that this entity is as "an affiliate of Chester

Nosal, a member of the Company's Advisory Board."  Nosal in his capacity as an

attorney and Advisory Board member, of course, would be aware of such filings and of

its description therein of INC. (Id.)


.                          Applicable Legal Authorities

   As aptly stated by this Court in <u>Youngblood v. Vistoronix</u>, 2006 WL 2092636

(D.D.C.) (Lamberth, J.)

> To obtain summary judgment on a claim, the moving party need only show that
> there is not genuine issue of material fact as to that claim.  <u>The movant need not
> entirely foreclose the possibility that there could exist an issue of material fact, he
> need only claim that the non-movant has failed, or by necessity will fail, to
> appropriately raise the issue.</u>  <u>See</u> <u>Celotex Corp. v. Catrtrett</u>, 477 U.S. 317. 323-24
> (1986) (Emphasis added.)


   In addition, it is recognized that"[t]he mere existence of a scintilla of evidence in

support of the [nonmoving party's position] will be insufficient" to raise issues of

credibility for jury determination.  <u>Anderson v. Liberty Lobby, Inc</u>. 477 US 242, 248, 106

S.Ct. 2505 (1986) as quoted in <u>United States v. Allegheny Jefferson Millwork, LLC, 540</u>

F.Supp.2d 165 (2008) (Lamberth, J.).  Further, the parol evidence rule is inapplicable

where the parties have reduced the entirety of their agreement to writing, <u>Giotis v.</u>

<u>Lamptkin</u>, 145 A.2d 779, 781 (D.C. 1958) as quoted in <u>United States v. Allegheny</u>

<u>Jefferson Millwork, LLC, supra</u>.

Parol evidence is particularly inappropriate where the provisions of an agreement are clear and unambiguous. Davis v. Chevy Chase Financial Ltd, 667 F.2d 160, 169 (D.D.C. 1981) as cited in Barnstead Broadcasting Corporation v. Offshore Broadcasting Corporation, 886 F. Supp 874 (D.C.C. 1995) (Friedman, J.)  See also American First Inv. Corp. v. Goland, 925 F.2d 1518, 1520 (D.D.C. 1991); Farmland Industries, Inv. V. Grain Board of Iraq 732, 736 (D.C.C. 1990).

Argument

There is nothing unclear or ambiguous about the promissory notes in question, and there is not a scintilla of support for the self-serving, after-the-fact assertion by LTD of corporate sameness that would somehow allow it to bootstrap the plaintiff's allegation to the level it blindly asserts.   Moreover, it would be unusual in any event that one corporate entity would be also known by another corporate name, and particularly so, if that other name is unregistered.

Further, it is simply implausible that Nosal, experienced in international and corporate matters, including tax, and a former officer in the Tax Treaty Branch of the IRS, and participating directly in the negotiation of the notes over several months, would inadvertently omit from the notes such identification were it true that INC was also know as LTD.  This is particularly so when more than three million dollars or more would be at stake. It would have been a simple act to reference in the notes the also known as language if it were true.

The CDT filings with the SEC, moreover, with Nosal's sophistication and legal standing would surely have been corrected were the allegations untrue or otherwise

5

incomplete. It defies credibility that he would not have taken steps to correct the filing to reflect that INC was also known as LTD. Regardless of which side, or both sides for which Nosal may have negotiated the notes' terms and conditions (and there is litigation in Texas relating thereto) (DEC ¶6n.1), it is beyond comprehension that Nosal would not recognize the omission of reference to LTD could be an issue with some very unpleasant consequences in the context of a federal filing for CDT acting on Nosal's representations, and for Nosal as well, under the circumstances.

In the final analysis, the allegation in the Complaint that LTD and INC are one and the same could have been established (if true) with insertion of three words "also known as." Likewise were the notes at issue negotiated over, or otherwise assigned to LTD by INC (if true), the Complaint surely would so allege, but it does not do so.

Nosal had opportunities, but avoided confirming a legal relationship between LTD and INC. For example, when CDT sent its January 28, 2008 letter to Nosal requesting information as to both LTD and INC., a responding letter was never received by CDT (DEC ¶12). CDT corporate records fail to show any specific representation of Nosal, or anyone else on his behalf or on LTD's behalf that LTD is also known as INC. (Id.) Indeed, this January 28 letter to Nosal confirms that CDT did not understand any LTD and INC interrelationship.

This conclusory statement in the Complaint in paragraph 1 that LTD and INC are one and the same is diminished further by the lack of a filing in Delaware (it's state of incorporation) that INC is affiliated in any way with LTD. (DEC at ¶13 with Ex. C thereto).

6

The fact that Nosal has set up two offshore corporations – one in Gibraltar and another in Curaçao – both of which use the entity designation of "limited" – is telling as well. This further confirms to a significant degree Nosal's corporate sophistication making it even more unfathomable that he would fail to identify in the promissory note that INC is also known as LTD if were the case.

Nosal appears to manipulate LTD and INC for whatever purpose he feels expedient. In negotiating the notes at issue, it is difficult; if not impossible to conclude anything other than that the omission of LTD from the notes was a carefully calculated, deliberate decision in what now seems to be some form of a corporate shell game.

Under these extant circumstances, LTD should not at this late date, almost two years after the fact, be allowed to proceed on the record at hand. It would seem that Nosal apparently believes he has carte blanch to determine at his convenience when and where LTD and INC are to be known as one and the same, and when they should not be. The law, however, does not recognize such independence.

It makes no difference what Nosal's motivation may be for what might be described as a flip-flop in linkage of INC to LTD. The fact remains that the notes are plain and unambiguous, agreed to by the parties, thus obviating the need for any factual evidentiary determination through parol evidence or otherwise. Legally speaking, LTD is a stranger to this litigation brought by LTD and simply does not have standing to bring suit based a self serving, unsupported allegations to the contrary, at issue.

LTD accordingly, through Nosal or otherwise, should not now be heard to contend that the allegation in paragraph 1 of the Complaint has created a material issue of fact. No unsupported conclusory statement can explain away the wording on the notes as

payable to INC and, if in fact the notes were negotiated, that should have been pleaded, but were not.

The record speaks volumes, that Nosal did <u>not</u> want INC to be known as LTD. at the time the notes were drafted. These notes were drawn in this fashion they were, not by mistake and not by whim, but to separate INC from LTD at that time.  If LTD by the unsupported statement of Nosal could now reverse this to defeat a Rule 56 summary judgment motion, or otherwise surmount a Rule 12(b)(6) motion, Rules 56 and 12(b)(6) would become virtual nullities.

WHEREORE, for the various reasons advanced herein and for what further reasons as the Court may find appropriate. CDT prays that summary judgment pursuant to Ruled 56 of the Federal Rules of Civil Procedure should be granted, in the alternative that this the case be dismissed at this time pursuant to Rule 12(b) (6) for failure to state a claim upon which relief may be granted.


_____/s/_____
Stephen W. Grafman (032912)
Sharp & Associates
1215 19th Street, N.W.
Washington, D.C.  20036
202/467-1609
Counsel for Defendant CDT

July 28, 2008