UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


WATER & SAND INTERNATIONAL CAPITAL, )
LTD.                                )
                    PLAINTIFF,      )
v.                                  )
                                    )     C.A. NO. 08-CV-88 - RCL
CAPACITIVE DEIONIZATION             )
TECHNOLOGY SYSTEMS,                 )
INC. D/B/A CDT SYSTEMS, INC.        )
                                    )
                    DEFENDANT.      )

REPLY BRIEF IN REPONSE TO PLAINTIFF'S OPPOSITION
TO SUMMARY JUDGMENT


Plaintiff Water & Sand International Capital, Ltd ("LTD" of "Plaintiff") has provided an unusual response to defendant Capacitive Deionization Technology Systems, Inc.'s ("CDT") motion for summary judgment. LTD has abandoned its Complaint made under penalty of perjury by Chester Nosal ("Nosal"), its sole shareholder. The Plaintiff now chooses to ignore the allegation of its Complaint, upon which its standing to sue is predicated -- i.e., that Water & Sand International Capital, Inc. ("INC") is also known as LTD. However, as seen below, LTD through Nosal now purports to know nothing about INC.


The Plaintiff provides no support for its bald assertion that INC is also known as LTD. Moreover, in his current Declaration of August 5, 2008, appended to LTD's opposition to the pending motion for summary judgment, Nosal categorically states in paragraph 3 of this Declaration: "I am aware of no entity named Water & Sand International Capital Inc." (Emphasis added) This then brings to the fore quite a conundrum: how can it be that INC, of which Nosal is unaware, is also known as LTD?. In short, the basic predicate of the Complaint is now denied by LTD. The absence of probity in this reversal of position speaks for itself.

The truth is that INC was never an alternative name for LTD. The truth is that INC is false and misleading nomenclature for an unincorporated phantom entity – that is, now you see it, now you don't. In short, this name was used by Nosal himself when he thought it in his interest to do so. It is a charade now exposed that Nosal and LTD are now forced to disavow INC in a flawed attempt to effectuate standing.

Plaintiff seeks to avoid this conundrum by claiming that involved is simply a technical glitch, euphemistically described as a "scrivener's error." This contrived assertion likewise speaks volumes about missing probity in the Plaintiff's position. It is beyond belief that Exhibits 1 and 2 to the Complaint -- promissory notes totaling $3.2 million—resulted from a sustained failure by a purported unidentified scrivener who failed to refer to LTD rather than INC. This is to say nothing of the fact that missing as well by the scrivener from every note is explanatory language, such as "INC, also known as LTD". Moreover, Plaintiff again offers only a mere assertion, and no explanation, for the claim of what would have to be a continuous scrivener's error. In fact, as will be seen there was no error — period.

A scrivener's error we are told by LTD occurs "where a mistake is made in the drafting of an instrument so that the written contract fails to express the true agreement of the parties. See Plaintiff's Opposition to Summary Judgment ("OP") at 8. Assuming that to be a correct statement of the law, that legal principle is inapplicable here. Attached as Exhibits F through L to Mr. Davies' Declaration of August 13, 2008 appended hereto, are a series of other promissory notes spanning a period from 2002 through 2005 from CDT as maker to payee INC. Exhibits H, I, J, K and L are not only payable to INC. but otherwise "as Payee, through its attorney (Chester Nosal)" may direct. If INC was truly an error, another payee would have been nominated by Nosal, yet no other payee was directed by Nosal, because INC was not an error.

It is beyond credibility, and no juror could rationally conclude, that a scrivener's error was continuously made and went undetected in 12 documents, comprising 8 executed notes, 1 draft note, and 3 separate SEC filings (discussed further below) over a

four-and-a-half year period.  See August 13 Davies Declaration.  Moreover, it is a
contradiction in the extreme that these notes reference Nosal as INC's attorney when
Nosal as recently as his August 5 Declaration, states under penalty of perjury in
paragraph 6: "I do not represent an entity named Water & Sand International Capital,
Inc."  (Emphasis added)

Indeed, no jury could reasonably conclude that this was just some cosmetic
oversight twelve times over a period of 4½ years in legal documents. (August 13 Davies
Declaration.)  No jury could rationally conclude that there was not an intent and purpose
behind the repetitive usage of INC, particularly given the money values involved and the
falacious sudden discovery of a writing error when INC is now exposed.  Moreover, there
is the fact that Nosal directed that one of these notes payable to INC with substantial
interest, could be converted, principal and interest, into Rule 144[1] CDT stock in Nosal's
name.  Clearly revealed -- Nosal used INC for whatever he wanted, whenever he wanted
it, seemingly in some form of a corporate shell game.

Even were one to assume some merit in a scrivener's error -- which clearly is not
the case -- Plaintiff would like this Court to conclude (OP at 8n.2) that it is irrelevant as
to who was the scrivener.  This argument apparently is now made to obfuscate the fact
that even assuming a scrivener error, it was Nosal himself who dictated the terms of the
notes, including interest that could compound to as much as 43% per annum.  Lest there
be any doubt as to Nosal's directions, Exhibits O-1 and O-2 to the Davies Declaration are
indeed telling, as reflected in a proposed note drafted by Nosal as recently as May 2007,
but never executed by CDT.

This draft (Exhibit O-1) with Nosal's fax legend at the top is for a proposed note
payable to INC "or as Payee, through its attorney (Chester Nosal), may designate in
writing from time to time."  This draft promissory note states, moreover, that payment of

---

[1] Rule 144, promulgated by the SEC pursuant to the Securities Act of 1933, permits under certain
circumstances, the sale of restricted and controlled securities without registration.  Restricted securities
include those acquired in an unregistered private sale from the issuer; and control securities are those held
by an affiliate of the issuing company.

the note "shall be made at the offices of RBTT Bank St. Maarten, NV. Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles….".

This statement likewise calls into question still further probity issues, recognizing that Nosal drafted this document and faxed it to CDT; for Nosal in his August 5, 2008 Declaration, again under penalty of perjury, unequivocally states in paragraph 11:

> I am unaware of any entity named Water & Sand International Capital, Inc. with a banking relationship with RBTT Bank, St Maartan, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles.

To put to rest any vestige of credibility to the scrivener argument, assuming there for the moment to be any credibility, there is Exhibit O-2 to the Davies August 13 Declaration, which is the fax cover sheet from "Chet" {Chester Nosal} to "John. Davies", bearing the heading in large letters "CHESTER W. NOSAL, ATTORNEY AT LAW". In his own handwriting Nosal puts forward the draft promissory note discussed above (Exhibit O-1) as his work.[2]  It is disingenuous, to say the least, to claim that the purported and unattributed scrivener's "error" continued into 2007, when the person dictating the terms was Nosal himself.

Further, as to the Complaint's assertion, apparently now forgotten by the Plaintiff, that INC is also known as LTD, it is telling that not one of the 8 executed notes, or the draft note of 2007, or the 3 SEC filings, make any such assertion. (See August 13 Davies Declaration and the exhibits thereto.)

---

[2]  In the "comments" section of the fax cover sheet, Nosal says to Davies:  "Please send schedules of all loans, debt and advances of CDT, and capitalization-all stock issued. outstanding. warrants, options, etc.. This is what would be required for additional financing as of this date. (See attached Note—[i.e. Exhibit M]). Chet".

The record shows that Nosal used the phantom "corporation" INC as payee of a note as early as 2002 from his legal fees, and took stock derived from that note's interest which was transferred into his name in 2005, and apparently for whatever additional reason he felt expedient at any particular time. (See Davies Declaration). Moreover, SEC filings clearly reflect that INC is identified as an affiliate of Nosal. (See Exhibit A to Davies July 28 Declaration) Indeed, LTD has tried to distance itself from such filings not by saying the allegations of affiliation are wrong, but that it does not understand what truly is a typo in CDT's Statement of Material facts which states in relevant part in paragraph 5 the following

> The SEC filing by CDT as of November 17, 2006 referencing CDT notes payable to INC make no reference to LTD (DEC at ¶11 with Ex. A thereto). In fact to the contrary, this filing identifies INC as an affiliate of id, **[id.]** an affiliate of Nosal. (Id.)

Admittedly there is a typo, but even with the typo, one can only surely ponder what part of paragraph (5) did LTD and Nosal not understand. The transparency of this diversionary assertion on behalf of LTD is so patently obvious as to require no further comment.

Yet even if LTD through counsel could not understand what the above quoted paragraph (5) was stating, the fact remains that there were three SEC filings (See Exhibit A to Mr.Davies earlier Declaration of July 28, 2008.) identifying INC, two of them identifying INC as an affiliate of Nosal. Nosal, moreover, has acknowledged to Mr. Davies as recently as November 2006 that "I check all the SEC filings." (August 13 Davies Declaration, paragraph 6)

Notwithstanding, CDT has no record of any advice from Nosal about error in its SEC filings or that INC did not exist.

Given Nosal's considerable experience and expertise in corporate matters (See e.g., Exhibit Q to Davies Declaration), added to all of the above, we respectfully submit it

unfathomable that any juror could rationally conclude that INC is, as the Complaint alleges, also known as LTD and/or that the misidentification is a mere scrivener's error.

LTD is legally a stranger to this case, and has no credible basis to bring this lawsuit. There are no material facts in dispute, and summary judgment and/or dismissal for failure to state a claim should be granted. Further, the plaintiff's cross motion for summary judgment is devoid of any merit and likewise should be dismissed.[3]



_____/s/_____
Stephen W. Grafman (032912)
Sharp & Associates
1215 19th Street NW
Washington, DC 20036
(202) 467-1609
*Counsel for Defendant CDT Systems, Inc.*

August 13, 2008

## Certificate of Service

I certify that a copy of the foregoing Motion, as well as the supporting Memorandum, Statement of Material Facts, and Declaration of John D. Davies with exhibits, as well a proposed order was served electronically this 13th[h] day of August 2008 to counsel for the plaintiff herein: David U. Fierst, Stein, Mitchell & Mezines, LLP, 1100 Connecticut Avenue, N.W., Suite 1100, Washington, D.C. 20036.

_____/s/_____
Stephen W. Grafman

---

[3] Lest it be thought that CDT's motion for summary judgment much ado about a mere technicality, that would be incorrect. As seen from the circumstances surrounding notes and issues, there are, among other things, serious related matters involving usury, breach of fiduciary duty, fraud in the inducement, and otherwise.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WATER & SAND INTERNATIONAL CAPITAL, LTD. | ) |
| PLAINTIFF, | ) |
| V. | ) |
| | ) C.A. NO. 08-CV-88 – RCL |
| CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. D/B/A CDT SYSTEMS, INC. | ) |
| DEFENDANT. | ) |

## DECLARATION OF JOHN D. DAVIES

I, John D. Davies, declare under penalty of perjury that this Declaration is true and correct to the best of my personal knowledge.

1. I am the same John D. Davies who submitted a Declaration dated July 28, 2008 ("July 28 Declaration") in support of the motion for summary judgment and/or a motion to dismiss on behalf of the defendant herein Capacitive Deionization Technology Systems, Inc. ("CDT" or "Company"). I reaffirm that Declaration and adopt and incorporate it herein.

2. As the CEO of the Company I have reviewed the filings by the plaintiff Water & Sand International, Ltd ("LTD") respecting its opposition to CDT's motion and as respects its own motion for partial summary judgment. In that regard, I have identified various contradictions and omissions, which are in disregard for the documented record, as relates to Mr. Nosal's attestations under penalty of perjury.

3. The contention in the opposition papers recently filed, that insertion of Water & Sand International Capital, Inc. ("INC") in the promissory notes at issue was somehow a mere "scrivener's error", is an ill-advised and unfounded contention

lacking in probity, as seen, for example, in the various attachments to this Declaration and in paragraph 4 below and otherwise.

4.   As CEO of CDT, I have in my care, custody and control the books and records of the Company. I have reviewed and caused to be reviewed, among other things, various promissory notes in CDT files that relate to INC and Chester Nosal, including the following (each of which is an attachment to this Declaration[1]):

> Exhibit F - December 31, 2002 promissory note in the amount of $100,000 payable to INC.

> Exhibit G - December 31, 2002 demand note in the amount of $100,000 payable to Chester Nosal.
> [With respect to the two notes above, I wish to clarify an earlier statement of mine. Records in the Company's possession show that $200,000 in legal fees due to Nosal were converted into two notes of $100,000 each—the first of these payable to Nosal personally and the second to INC.]

> Exhibit H - November 10, 2004 demand note in the amount of $1,000,000 payable to INC or to other payee at the direction of Chester Nosal "its attorney". Note also stating that it may be converted to CDT Rule 144 stock.

> Exhibit I - February 28, 2005 demand note in the amount of $400,000 payable to INC or to other payee at the direction of Chester Nosal "its attorney". This note too may be converted to CDT Rule 144 stock.

---

[1] In an effort to avoid confusion, the numbering of the exhibits to this Declaration commences with Exhibit F running consecutively after Exhibits A through E attached to my earlier July 28 Declaration.

2

Exhibit J - August 8, 2005 demand note in the amount of $200,000 payable to INC, or as otherwise directed by Chester Nosal "its attorney". This note also specifies that it may be converted to CDT Rule 144 stock.

Exhibit K - October 19, 2005 demand note in the amount of $200,000 payable to INC, or as otherwise directed by Chester Nosal "its attorney". It too specified that it may be converted to CDT Rule 144 stock.

Exhibit L - November 17, 2005 demand note in the amount of $200,000 payable to INC, or as otherwise directed by Chester Nosal "its attorney". Again this note specifies that it may be converted to CDT Rule 144 stock.

Exhibit M - (which is Exhibit 1 to the Complaint) November 1, 2006 consolidated demand note in the amount of $3,000,000 payable to INC or as otherwise directed by "its attorney" Chester Nosal. This note too specifies that it may be converted to CDT Rule 144 stock.

Exhibit N - (which is Exhibit 2 to the Complaint) November 2, 2006 consolidated demand note in the amount of $200,000 payable to INC or as otherwise directed by "its attorney" Chester Nosal. Again, this note specifies that it may be converted to CDT Rule 144 stock.

CDT records show, moreover, that in 2005 Nosal directed that the two Notes attached as Exhibits F and G be converted both as to principal (total of $200,000) and interest (total of $123,425) to Rule 144 CDT stock, which was then registered in Nosal's name.

5. Moreover as recently as May 2, 2007, Nosal sought to have yet another promissory note drawn payable to INC in the amount of $4,000,000 as a consolidation of earlier loans plus accrued interest and a further loan of $200,000. Lest there be any doubt in that regard, attached as Exhibit O-1 is the draft of the

3

note with the "Chester Nosal" fax legend at the top showing from whom it was sent on May 2, 2007; and Exhibit O-2, the fax cover sheet from Nosal to me in which Nosal states to Davies to "see attached Note" (Exhibit O-1) then signing his name as "Chet".

6. In addition, as noted in my earlier affidavit, CDT filings with the Securities and Exchange Commission ("SEC") expressly refer to INC "as an affiliate of Chester Nosal." (Exhibit A to my July 28 Declaration, and specifically Form 10-QSB of November 14, 2006 and Form 10-KSB/A of November 17, 2006). The additional filing of November 19, 2004, also in Exhibit A, was an announcement that INC had loaned $1 million to CDT. Lest there be any question as to whether Nosal was familiar with the two November 2006 filings, he emailed me about them and discussed them with me later that month. Lest there be any question as to whether Nosal was familiar with the earlier filing of November 19, 2004, he told me in the same conversation that "I check all the SEC filings".

7. As to the particular notes in question in this litigation (Exhibits 1 and 2 to the Complaint—Exhibits M & N herein),. Dallas Talley the then Chairman of the Board of CDT who had been removed as CEO shortly before and who was removed as Chairman shortly thereafter, came to me with these notes in draft form. I stated emphatically that I would not approve these notes which I believed effectively called for an interest rate of 36%, per year, and as I later discovered when compounded could be as much as 43%, as well as jurisdiction in Washington, D.C. and the reference to Nevada law (where I later learnt there is no usury limitation). Talley's response to me was "this is what Chet [i.e. Chester Nosal] wants" Notwithstanding my strenuous and sustained objections to these notes, and no Board approval for them, Talley told me he had already agreed to the terms with Nosal. Despite my strong objections, and my refusal to sign the

4

notes, some days later Talley signed them, purportedly on behalf of CDT, just as Talley told me that Nosal wanted.[2]

8.  Nosal has served as a CDT Advisory Board member from 2000 to mid-2007, a position through which he was most actively involved in management decision-making and in the affairs of the Company, including giving legal advice. He has also served as CDT's outside counsel, billing CDT $514,218-50 over 6 years.. Attached from the files of CDT is a copy of the curriculum vitae as Exhibit P previously provided to CDT by Nosal, showing his significant background and experience in the areas of corporate finance and company governance and transactions analogous to those under consideration herein.

Signed this 13th day of August 2008 pursuant to 28 USC 1746

_J. D. Davies_
_____
John D. Davies

---

[2] As previously noted, there is litigation brought by CDT against Talley in the District Court Judicial District, Dallas County Texas, Cause No. 07-6317 relating to this and other matters as well.

5

# EXHIBIT F

TO THE JOHN DAVIES
DECLARATION
of
August 13, 2008

# PROMISSORY NOTE

$100,000                                                December 31, 2002

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY
SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay Water & Sand
International Capital, Inc. (W&S) Cupecoy Master Facilities Foundation #201, Lowlands, St.
Maarten, Netherlands Antilles, or its order, the principal sum of ONE HUNDRED THOUSAND
USD, plus interest at the rate of one percent (1%) per month on or before June 30, 2004.
Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein,
Philipsburg, St. Maarten, Netherlands Antilles or as Payee may designate in writing from time to
time.

At any time W&S or the holder of this note may convert any and all of this note payable and
accrued interest to CDT Rule 144 common stock at a price of twenty-five cents ($.25) USD per
share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the
note is not paid in full on or before June 30, 2004. This note may be paid in whole or in part at
any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for
purposes of any collection action, which may be necessary to insure payment of this note; and it
further consents to having any collection action to be heard solely before the courts of the
District of Columbia. This note evidences the consolidation of numerous loans of CDT Systems,
Inc.

                              **MAKER:**
                              **Capacitive Deionization Technology Systems, Inc.**

                              **Dallas Talley, Chairman**

# EXHIBIT G

TO THE JOHN DAVIES
DECLARATION
of
August 13, 2008

## DEMAND NOTE

$100,000                                      December 31, 2002

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY
SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay Chester W.
Nosal (Nosal), or his order on demand the principal sum of ONE HUNDRED THOUSAND
USD. Payment shall be made at the offices of Chester W. Nosal, Esq. 2001 K Street, NW, Suite
800, Washington, DC 20006 or wherever else he may designate in writing from time to time.

At any time Nosal or the holder of this note may convert any and all of this note payable and
accrued interest to CDT Rule 144 common stock at a price of twenty-five cents ($.25) USD per
share. Interest shall accrue at the rate of one percent (1%) per month until paid in full and three
percent (3%) per month on any unpaid balance of interest and principal after June 30, 2004. This
note maybe paid in whole or part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for
purposes of any collection action which may be necessary to insure payment of this note; and it
further consents to having any collection action to be heard solely before the courts of the
District of Columbia. This note evidences the consolidation of numerous loans of CDT Systems,
Inc.

                              **MAKER:**
                              **Capacitive Deionization Technology Systems, Inc.**



                              **Dallas Talley, Chairman**

# EXHIBIT H

TO THE JOHN DAVIES
DECLARATION
of
August 13, 2008

## DEMAND NOTE

**$1,000,000**                                                   **November 10, 2004**

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY
SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand
Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201,
Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of ONE MILLION
USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or before
November 30, 2005. Payment shall be made at the offices of RBTT Bank St. Maarten, NV,
Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its
attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

| | |
|---|---|
| November 15, 2004 | $400,000 |
| November 22, 2004 | 400,000 |
| November 29, 2004 | 200,000 |

At any time W&S or the holder of this note may convert any and all of this note payable and
accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share.
Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not
paid in full on or before November 30, 2005. This note may be paid in whole or in part at any
time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for
purposes of any collection action, which may be necessary to insure payment of this note; and it
further consents to having any collection action to be heard solely before the courts of the
District of Columbia.

                                        **MAKER:**
                                        **Capacitive Deionization Technology Systems, Inc.**


                                        _____
                                        Dallas Talley, Chairman


ATTESTED TO:


_____
Phil Marshall, Chief Financial Officer

# EXHIBIT I

## TO THE JOHN DAVIES DECLARATION
### of
August 13, 2008

## DEMAND NOTE

$400,000                                              **February 28, 2005**

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY
SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand
Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201,
Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Four Hundred
Thousand USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or
before February 28, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV,
Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its
attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

February 28, 2005                          $400,000

At any time W&S or the holder of this note may convert any and all of this note payable and
accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share.
Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not
paid in full on or before February 28, 2006. This note may be paid in whole or in part at any
time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for
purposes of any collection action, which may be necessary to insure payment of this note; and it
further consents to having any collection action to be heard solely before the courts of the
District of Columbia.

                         **MAKER:**
                         **Capacitive Deionization Technology Systems, Inc.**


                         _____
                         **Dallas Talley, Chairman**

**ATTESTED TO:**


_____
**Phil Marshall, Chief Financial Officer**

# EXHIBIT J

TO THE JOHN DAVIES
DECLARATION
of
August 13, 2008

## DEMAND NOTE

**$200,000**                                                    **August 8, 2005**

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Two Hundred Thousand USD, plus interest at the rate of one and one-half percent (11/2%) per month on or before November 30, 2005. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

August 8, 2005                              $200,000

At any time W&S or the holder of this note may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before November 30, 2005. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia.

**MAKER:**
**Capacitive Deionization Technology Systems, Inc.**

Phil Marshall, CFO

**ATTESTED TO:**

Joe Jones, Vice President

# EXHIBIT K

TO THE JOHN DAVIES
DECLARATION
of
August 13, 2008

## DEMAND NOTE

**$200,000**                                                **October 19, 2005**

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Two Hundred Thousand USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or before April 30, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

October 19, 2005                          $200,000

At any time W&S or the holder of this note may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before April 30, 2006. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia.

**MAKER:**
**Capacitive Deionization Technology Systems, Inc.**

Phil Marshall, CFO

ATTESTED TO:

Joe Jones, Vice President

# EXHIBIT L

TO THE JOHN DAVIES
DECLARATION
of
August 13, 2008

## DEMAND NOTE

$200,000                                              November 17, 2005

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Two Hundred Thousand USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or before April 30, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

The funds relating to this note will be disbursed by wire transfer to CDT as follows:

November 17, 2005                          $200,000

At any time W&S or the holder of this note may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before April 30, 2006. This note may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia.

MAKER:
**Capacitive Deionization Technology Systems, Inc.**

Phil Marshall, CFO

ATTESTED TO:

Joe Jones, Vice President

# EXHIBIT M

TO THE JOHN DAVIES
DECLARATION
of
August 13, 2008

## CONSOLIDATED DEMAND NOTE

$3,000,000                                            November 1, 2006

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY
SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand
Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201,
Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Three Million
USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or before April
30, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street,
Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney
(Chester Nosal), may designate in writing from time to time.

At any time W&S or the holder of this note upon 65 days prior written notice to CDT may
convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a
price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%)
per month until paid in full if the note is not paid in full on or before April 30, 2006. This note
may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for
purposes of any collection action, which may be necessary to insure payment of this note; and it
further consents to having any collection action to be heard solely before the courts of the
District of Columbia under Nevada law. This note is a consolidation of all prior notes owed to
W&S at November 1, 2006.

MAKER:
**Capacitive Deionization Technology Systems, Inc.**

**Dallas Talley, Chairman**

ATTESTED TO:

Phil Marshall, Chief Financial Officer

# EXHIBIT N

## TO THE JOHN DAVIES
## DECLARATION
### of
August 13, 2008

## CONSOLIDATED DEMAND NOTE

**$200,000**                                        November 2, 2006

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY
SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand
Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201,
Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Three Hundred
Thousand USD, plus interest at the rate of one and one-half percent (1 1/2%) per month on or
before June 30, 2007. Payment shall be made at the offices of RBTT Bank St. Maarten, NV,
Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its
attorney (Chester Nosal), may designate in writing from time to time.

Funds under this note will be released $50,000 on October 24, 2006 and monthly thereafter
continuing until January 24, 2007.

At any time W&S or the holder of this note upon 65 days prior written notice to CDT may
convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a
price of twenty cents ($.20) USD per share. Interest shall accrue at the rate of three percent (3%)
per month until paid in full if the note is not paid in full on or before June 30, 2007. This note
may be paid in whole or in part at any time.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for
purposes of any collection action, which may be necessary to insure payment of this note; and it
further consents to having any collection action to be heard solely before the courts of the
District of Columbia under Nevada law.

                              **MAKER:**
                              **Capacitive Deionization Technology Systems, Inc.**

                              Dallas Talley, Chairman

ATTESTED TO:

Phil Marshall, Chief Financial Officer

# EXHIBIT O-1

## TO THE JOHN DAVIES
## DECLARATION
of
August 13, 2008

# CONSOLIDATED DEMAND NOTE

**$4,000,000**                                          **May 1, 2007**

**FOR VALUE IN HAND RECEIVED,** CAPACITIVE DEIONIZATION TECHNOLOGY SYSTEMS, INC. (CDT) a corporation incorporated in Nevada, promises to pay on demand Water & Sand International Capital, Inc. (W&S) with offices at Cupecoy Beach Club Suite 201, Lowlands, St. Maarten, Netherlands Antilles, or its order, the principal sum of Four million USD, plus interest at the rate of one and one-half percent (11/2%) per month on or before February 28, 2006. Payment shall be made at the offices of RBTT Bank St. Maarten, NV, Front Street, Emmaplein, Philipsburg, St. Maarten, Netherlands Antilles or as Payee, through its attorney (Chester Nosal), may designate in writing from time to time.

At any time W&S or the holder of this note upon 65 days prior written notice to CDT may convert any and all of this note payable and accrued interest to CDT Rule 144 common stock at a price of ten cents ($.10) USD per share. Interest shall accrue at the rate of three percent (3%) per month until paid in full if the note is not paid in full on or before February 28, 2006. This note may be paid in whole or in part at any time, except CDT shall give W&S 90 days prior written notice of any prepayment.

W&S shall make additional distributions of loan principal hereunder in May, June, July and August 2007 of $50,000 each at such mutually acceptable dates as agreed between CDT and W&S. Such additional principal is included in the total principal balance above.

Moreover, CDT irrevocably consents to personal jurisdiction in the District of Columbia for purposes of any collection action, which may be necessary to insure payment of this note; and it further consents to having any collection action to be heard solely before the courts of the District of Columbia under Nevada law. This note is a consolidation of all prior notes owed to W&S at May1, 2007.

**MAKER:**
**Capacitive Deionization Technology Systems, Inc.**

_____

**John Davies, Chairman**

**ATTESTED TO:**

_____

**Chief Financial Officer**

O-1

# EXHIBIT O-2

TO THE JOHN DAVIES
DECLARATION
of
August 13, 2008

International Square
1875 I Street, NW
Suite 500
Washington, DC 20006
Tel: (202) 429-2721
Fax: (202) 429-8574
cnosalesq@aol.com



**CHESTER W. NOSAL**
**ATTORNEY AT LAW**

# Fax

| To: | John Davies | From: | Chet |
|---|---|---|---|
| Fax: | 972 934 1592 | Pages: | 2 |
| Phone: | 561-799 1314 | Date: | 2 May 2007 |
| Re: | | cc: | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:

John,
Please send schedules of all loans, debts and advances of CDT and Capitalization - All stock issued, outstanding, warrants, options etc.
This is what would be required for additional financing as of this date. (See attached Note)

O-2

# EXHIBIT P

## TO THE JOHN DAVIES DECLARATION
of
August 13, 2008

# CHESTER W. NOSAL

**Business Address:**
2001 K Street, NW
Suite 800
Washington. DC 20006

**Contact Information:**
Tel: 202 912-7170
Fax: 202 912-7020
E: CNosalEsq@aol.com

---

**Introduction:**  Chester is an experienced international transactional lawyer and businessman having special expertise in international acquisitions, dispositions and joint ventures involving corporate, tax, pension, telecommunications and information technology matters. His practice has given him broad experience on international business issues. He has advised countries on economic development, treaty negotiations, business transactions and other matters of foreign affairs.

## EDUCATION

**Legal:**

Georgetown University Law Center                    JD    1970

**Graduate Business:**

DePaul University-     International Business          MBA 1967
                       And Economics

**Undergraduate:**

DePaul University-     Major: Accounting
                       Minors: Economics
                               Finance
                               Philosophy              BSC  1966

## EXPERIENCE

**International Transactional and Economic Development:**
Representing and counseling multinational clients with respect to global transactions: including start-up operations, joint ventures, mergers. acquisitions, reorganizations, and planning legal and business structures. In conjunction with these activities, a global cadre of correspondent local counsels. business consultants, foreign political leaders and business contacts has been developed.

Included among these activities has been counseling countries on economic development, conducting legal audits of foreign legal, business, and governmental systems and advising on foreign affairs.

## Some Significant Transactions:

- Beatrice Foods/First U.S. Public Company Joint Venture with the People's Republic of China.

- SITA/Scitor/Equant structuring private sector sister company with worlds largest data network in more than 200 countries and territories.

- Beatrice International/Handled acquisitions and joint ventures to create a company with over six billion dollars in revenue, with disproportionately higher overseas profits. Transactions included acquisitions in Venezuela, the United Kingdom, Holland and Italy with joint ventures in Singapore, Egypt, United Arab Emirates, Gibraltar, Nigeria, Jamaica, Mexico, Brazil and the People's Republic of China (the first U.S. public company/PRC joint venture) among others.

- Netherlands Antilles/Creation of concept of international public network service bureaus and represented Netherlands Antilles/Aruba in U.S. tax treaty negotiations.

- Star Channel/Business Plan development for Japanese Consortium ultimately sold to News Corporation.

- Other major clients for whom he provided service while in Chicago included the Keebler Company, United Airlines, Gould Inc., The First National Bank of Chicago, Atlantic and Pacific Tea Company, National Tea Company and McKesson Corporation.

## Transactional Matters:

Counseling on and implementing (advising, structuring, negotiating, documenting and securing regulatory and political licenses and approvals) United States and international transactions in the following areas: worldwide merger and acquisitions, joint ventures, licensing, franchising, establishing dealer networks, and structuring product and service distribution.

## DETAILED EXPERIENCE

When in 1981 Walter Mondale joined Winston & Strawn's Washington Office, he moved to work with him to expand the international practices in Washington.

- **Corporations:** Cookson Group PLC and Cookson America Inc., The Hanson Group PLC, Nationale-Nederlanden, and the international operation of Goldman Sachs, Prudential-Bache, US West, Sommer & Maca Industries, Inc., and Oxford International Inc., and many others.

- **Other Clients:** Guaranty Institute of Norway, Loeff & Van Der Ploeg, Societe International de Telecommunications Aeronautiques, and Hydro Quebec.

- **Governments:** Aruba, Finland, Gibraltar, Lebanon, the Netherlands, the Netherlands Antilles, Norway, Sweden and The People's Republic of China, including the unique transaction of drafting the Long March Satellite Launch Contracts for Western private satellite payloads.

He has developed required management skills from strategic planning to coordination, to communication and to implementation through substantial numbers of people, in large part within short time frames. Most of the problems with which he has been confronted were complicated and multi-jurisdictional, requiring difficult decisions to be made on the spot. The results of those decisions have been uniformly positive, resulting in satisfied business clients with profitable global businesses.

## PRINCIPAL CO-COUNSEL RELATIONSHIPS

Pillsbury Winthrop; Huff & Gaines; Carroll & Wall


## PRIOR PROFESSIONAL RELATIONSHIPS

Winston & Strawn
1400 L Street, NW
Washington, DC 20005

Capital Partner
(1982 to 1992)
Chairman of the International Department

Winston & Strawn
35 West Wacker Drive
Chicago, Il. 60601

Partner
(1977 to 1982)
Associate
(1970 to 1977)
1969

US Department of Treasury
Office of General Counsel
1500 Pennsylvania Ave., NW
Washington, DC

International Revenue Service
Office of International
Operations Tax Treaty Branch
Washington, DC

1968

Other:  1965 to 1966- Chicago Passenger Office Great Northern Railroad, cashier and chief accountant;  Borg Warner Corporation, Financial Services Intern.

**Bar Memberships:** District of Columbia, Illinois and Supreme Court of
                    the United States

## AFFILIATIONS

**Professional Law Societies:**

International Bar Association
International Fiscal Association
The Offshore Institute
American Society of International Law
District of Columbia, Chicago, Illinois, and American Bar Associations

**Professional/Civic Organizations:**

Gibraltar Information Agency (Board Member 1987 to date)
National Association of Manufacturers – Employee Benefit Committee (Member 1982 to 1991)
Business Council – Democratic National Committee
Illinois Franchise Advisory Board (Founding Member 1974 to 1983)
Cook County Dept. of Corrections (Commissioner 1973 to 1980)
State Health Coordinating Councils (Board Member 1976 to 1981)
Illinois Cooperative Health Coordinating Councils (Board Member – Sole Consumer Member 1976 to 1981)
Health System Agency – City of Chicago (Member 1976 to 1981)
Georgetown University Law Center – Long term Planning Committee, and Leadership Council
DePaul University College of Commerce – Advisory Board
Bryn Mawr College – Vice Chairman, Parents Committee (1998 to 2001)

**Corporate:**

Serves on various boards of directors.

## REFERENCES

References regarding Chester's professional and personal qualities will be furnished upon request.