UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Water & Sand International Capital, Ltd. | ) <br> ) <br> ) |
| v. | )    C.A. No. 1:08-CV-88-RCL <br> ) |
| Capacitive Deionization Technology Systems, Inc. | ) <br> ) <br> ) |
| _____ | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

The opposition filed by Capacitive Deionization Technology Systems, Inc. (CDT) to the cross-motion of Plaintiff Water & Sand International Capital, Ltd. (W&S) for summary judgment is long on innuendo and short on evidence and logical argument.

CDT fails to identify any evidence that genuinely disputes the facts on which the motion relies. It fails to cite any precedent or any basis for this Court not to fix the scrivener's error in the notes at issue.

Instead, CDT relies on a patently illogical accusation. It asserts that W&S intentionally put a false name in the promissory notes to serve some improper purpose. But CDT does not – and cannot – explain what purpose that would serve. No one would lend $3.2 million and then intentionally direct that payment be made to a non-existent entity. There is no self-interest that can be served by jeopardizing the repayment of a multi-million dollar loan.

**THE FACTS ARE NOT IN DISPUTE**

W&S's cross-motion was accompanied by a statement of material facts as to which there is no genuine dispute. CDT did not file any statement identifying

1

facts in dispute. That in itself is sufficient reason to find that the facts set forth are undisputed. See, Local Rule 7.1(h) and 56.1; *Mewborn v. Government of District of Columbia*, 360 F.Supp.2d 138, 139 at n. 1 (D.D.C. 2005); *Argueta v. Government of District of Columbia*, 355 F.Supp.2d 408, 411 (D.D.C. 2005).

CDT's failure to comply with the rules is not merely a technical flaw. CDT offers no evidence that contradicts any of the facts cited in the statement of undisputed facts. The Court should deem those facts undisputed not only because CDT did not dispute them in the proper manner but because in fact they are not disputed.

As we showed in detail, there is no dispute that Water & Sand International Capital, Ltd. loaned $3.2 million (including interest accrued as of November 2, 2006) to CDT. There is no dispute that the parties intended the loan to be repaid. There is no dispute that the parties intended that repayment would be to the party making the loan. And there is no dispute that Water & Sand International Capital, Ltd. is identified as the intended payee in multiple ways (address, location of bank account, ownership by Chester Nosal, represented by Nosal, and name). Conversely, there is no evidence that anyone intended that CDT could avoid repaying its debt merely because the name in the notes is slightly misstated.

## FINDINGS OF FACT

We asked the Court to find certain facts that are not in dispute, as the rules provide. F.R.Civ.P. 56 (d). CDT did not dispute these facts, and did not

argue that the Court cannot or should not resolve those facts at this time.  Thus, the Court should find that:

 1.  W&S loaned $3.2 million to CDT, including accrued interest as of November 2, 2006.

 2.  The loan has not been repaid.

## CDT DOES NOT DISPUTE THE LAW ON SCRIVENER'S ERROR

We cited many cases, including decisions in all the jurisdictions with any possible connection with this case, demonstrating that courts of equity can and should correct a scrivener's error in a contract.  CDT did not dispute our explanation of law and policy, and cited no precedent relating to the concept of scrivener's error.

CDT made an implied argument that, contrary to the precedent cited by W&S, it matters who was the scrivener.  However, CDT cites no precedent to support this argument.  It is baseless.  The purpose of the scrivener's error doctrine is to correct errors, not to punish the person who made the error.

## THE COURT SHOULD CORRECT THE SCRIVENER'S ERROR

CDT's argument that there was no scrivener's error is based on two assertions: (1) the cross-motion makes no reference to the allegation in the complaint that W&S is also known as Water & Sand International Capital, Inc., and (2) the reference to Water & Sand International Capital, Inc. appears in multiple documents.  Neither of these assertions is material to the issue at hand.

There is no inconsistency between the argument in the cross-motion for summary judgment that the reference to Water & Sand International Capital, Inc.

is an error and the assertion in the complaint that Water & Sand International Capital, Ltd. is also known as Water & Sand International Capital, Inc.  The fact is that in the notes at issue and in CDT's SEC filings, Water & Sand International Capital, Ltd. was referred to as (i.e., it was known as) Water & Sand International Capital, Inc.  There is no inconsistency.

Nor is there any mystery why the same error shows up in multiple documents.  Every note is obviously based on the first one.  Once it was typed into the computer, every subsequent note was identical, with a few changes as appropriate.  The error in the first note was repeated.  The SEC filings were based on the notes.  Of course, the name in the notes would be repeated in the SEC filings.  That does not in any way conflict with the fact that the name was an error.

The alternative explanation offered by CDT is devoid of any factual basis.  There is no evidence cited by CDT that creates a genuine dispute whether the misnomer of the payee is an error.  Nor is CDT's alternative theory that the misnomer was intentional plausible.  No rational creditor would jeopardize repayment by intentionally misstating the payee's name.

There is, consequently, no genuine dispute that the notes are in error, and that the parties actually intended that CDT would repay the lender, Water & Sand International Capital, Ltd.  In the absence of genuine dispute, the Court should exercise its equitable authority to correct the error in the notes.

**THERE ARE NO OTHER ISSUES TO CONSIDER AT THIS TIME**

CDT asserts in footnote 3 that its position should not be seen as much ado over a mere technicality. But, of course, that is what it is. CDT seeks to avoid repaying a debt of $3.2 million for a loan it acknowledges was made to it merely because the name in the note has an error in it. That is a mere technicality, and the many courts addressing scrivener's error have concluded that justice and equity require fixing such an error, not allowing a mere technicality to inflict an obvious injustice.

CDT further contends that issues of usury, breach of fiduciary duty and fraud are involved in this case. They are not involved in the present motion. Summary judgment should be granted on the issues raised in the cross-motion, and the parties can address these other issues if and when they are actually raised. (CDT has not filed its answer yet, and so these issues are not in the case at this time.)

**CONCLUSION**

For the reasons stated herein and in W&S's opening brief, plaintiff Water & Sand International Capital, Ltd. respectfully requests that the Court grant W&S's motion for partial summary judgment by (1) ruling that CDT borrowed $3.2 million as of November 2, 2006 from Water & Sand International Capital, Ltd. and has not repaid it, and (2) exercising the Court's equitable authority to correct the scrivener's error in naming Water & Sand International Capital, Inc. instead of Water & Sand International Capital, Ltd. in the promissory notes at issue.

5

                                          Respectfully submitted,

                                          <u>/s/ David U. Fierst</u>
                                          Glenn A. Mitchell (#052233)
                                          gamitchell@steinmitchell.com
                                          David U. Fierst (#912899)
                                          dfierst@steinmitchell.com
                                          Stein, Mitchell & Mezines, LLP
                                          1100 Connecticut Avenue
                                          Suite 1100
                                          Washington D.C. 20036
                                          Tel:  202-737-7777
                                          Fax: 202-296-8312

August 18, 2008